

1  MICHAEL D. BRUNO  (SBN: 166805)
   STEPHANIE B. BRADSHAW  (SBN: 170757)
2  ALYSON CABRERA  (SBN: 222717)
   GORDON & REES LLP
3  Embarcadero Center West
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 986-5900
5  Facsimile:  (415) 986-8054

6  LAWRENCE C. YEE (SBN: 84208)
   HEATHER A. IRWIN (SBN: 203203)
7  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
8  180 Howard Street
   San Francisco CA 94105-1639
9  Telephone: (415) 538-2000
   Facsimile: (415) 538-2321
10

11 Attorneys for Defendants
   JUDY JOHNSON, ROBERT HAWLEY,
12 STARR BABCOCK, PEGGY VAN
   HORN and ELYSE COTANT

13

14

15                   UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

17

18 JUDITH CHOW AND SCOTT WILLIAMS,    )   CASE NO. C 07 4478 CW
                                      )
19              Plaintiffs,           )   **REQUEST FOR JUDICIAL NOTICE IN
                                      )   SUPPORT OF DEFENDANTS'
20      vs.                           )   MOTION TO DISMISS AND MOTION
                                      )   TO STRIKE**
21 JUDY JOHNSON, ROBERT HAWLEY,       )
   ELYSE COTANT, STARR BABCOCK and    )   Date:      January 24, 2008
22 PEGGY VAN HORN,                    )   Time:      2:00 p.m.
                                      )   Judge:     Claudia Wilkin
23              Defendants.           )   Location:  Courtroom 2
                                      )
24 _____  )   Accompanying Papers:  Notice of Motion
                                          and Motion to Dismiss and to Strike;
25                                        Memorandum of Points and Authorities;
                                          [Proposed] Order
26

27

28
   ─────────────────────────────────────────────────────
   Request for Judicial Notice In Support of Defendants' Motion to Dismiss and Motion to Strike
                          Case No. C074478 CW

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

SBCA/1039105/5235893v.1

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants Judy Johnson, Robert Hawley, Elyse Cotant, Starr Babcock and Peggy Van

2    Horn (collectively, "Defendants") by and through their attorneys, hereby request the Court to

3    take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents:

4    1.    On April 24, 2006, Plaintiffs Judith Chow and Scott Williams ("Plaintiffs") filed a

5    state action in San Francisco Superior Court entitled *Judith Chow and Scott Williams v. The State*

6    *Bar of California, et al.,* (Case No. CGC-06-451572), alleging retaliation for whistleblowing

7    under California Labor Code section 1102.5.  A true and correct copy of Plaintiffs' Complaint is

8    attached hereto as **Exhibit A**.

9    Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact not

10    subject to reasonable dispute in that it is either: (1) generally known within the territorial

11    jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

12    sources whose accuracy cannot reasonably be questioned.  Here, Plaintiffs' Complaint in Case

13    No. CGC-06-451572 is a matter of public record and capable of accurate and ready

14    determination by resort to sources whose accuracy cannot reasonably be questioned.

15    Accordingly, the Court may take judicial notice of this document.

16    2.    On August 2, 2007, Plaintiffs filed a Second Amended Complaint in San

17    Francisco Superior Court in the case of *Judith Chow and Scott Williams v. The State Bar of*

18    *California, et al.,* (Case No. CGC-06-451572), alleging retaliation for whistleblowing under

19    California Labor Code section 1102.5.  A true and correct copy of Plaintiffs' Second Amended

20    Complaint is attached hereto as **Exhibit B**.

21    Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact not

22    subject to reasonable dispute in that it is either: (1) generally known within the territorial

23    jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

24    sources whose accuracy cannot reasonably be questioned.  Here, Plaintiffs' Second Amended

25    Complaint in Case No. CGC-06-451572 is a matter of public record and capable of accurate and

26    ready determination by resort to sources whose accuracy cannot reasonably be questioned.

27    Accordingly, the Court may take judicial notice of this document.

28

-1-

1    3.    On September 13, 2007, Plaintiffs filed an Amended Complaint in the instant

2  action alleging violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

3  §1961, *et seq.*, ("RICO").  For the Court's convenience, a true and correct copy of Plaintiffs'

4  Amended Complaint is attached hereto as **Exhibit C.**

5

6  November 3̲0̲, 2007                    GORDON & REES LLP

7                                        By: _____

8                                             ALYSON CABRERA
                                             Attorneys for Defendants
9                                             JUDY JOHNSON, ROBERT HAWLEY, STARR
                                             BABCOCK, PEGGY VAN HORN and ELYSE
                                             COTANT

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# EXHIBIT A

1  Edith J. Benay, S.B.N. 98747
   Law Office of Edith J. Benay
2  345 Franklin Street
   San Francisco, CA 94102
3  Telephone:    (415) 241-7286
   Facsimile:    (415) 252-8048
4

5  Attorney for Plaintiffs

**FILED**

San Francisco

APR 24 2006

~~GORDON PARK-LI, Clerk~~

BY: _____

CASE MANAGEMENT CONFERENCE SET

6

7                SUPERIOR COURT OF CALIFORNIA

8          IN AND FOR THE COUNTY OF SAN FRANCISCO    SEP 2 2 2006  0 9 ⁰⁰ AM

9               UNLIMITED CIVIL JURISDICTION  DEPARTMENT 212

10  JUDITH CHOW and SCOTT WILLIAMS

11         Plaintiffs                         Case No. CGC06-F451572

12  v.                                        **COMPLAINT**

13  THE STATE BAR OF CALIFORNIA               **RETALIATION FOR**
    and                                       **WHISTLE BLOWING**
14  DOES I through XXX, inclusive,
         Defendants                           **LABOR CODE §1102.5**
15

16

17                          **PARTIES**

18  1.    All causes of action arose in San Francisco County, California.

19  2.    Plaintiff JUDITH CHOW is a resident of the State of California.  She has been employed

20  at the State Bar of California, (STATE BAR), in San Francisco California,  for more than fifteen

21  years, several  years in the Membership Billing Department.

22  3.    Plaintiff SCOTT WILLIAMS is a resident of the state of California.  He has been

23  employed at the State Bar of California, (STATE BAR), in San Francisco California, for more

24  than ten years, several  years, in the Membership Billing Department. .

25  4.    The State Bar of California (STATE BAR) is a California government agency,  with

26  offices in San Francisco, California.

27

28  COMPLAINT                          1

5.    Plaintiffs are ignorant of the true names or capacities of the cross-defendants sued herein under the fictitious names DOE ONE through TEN inclusive, and such DOE defendants are sued herein pursuant to California Code of Civil Procedure § 474.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.    Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 5 as if set out at length herein.

7.    Since in or around 2003 Plaintiffs CHOW and WILLIAMS have reported to the State Bar Association of California, the existence of defalcations in the Membership Billing Department, which included but were not limited to mis-use of Membership dues payments; improper billing practices and failure to reimburse extra payments received from members due to the members' mistake or due to improper billing practices of the STATE BAR.

8.    On September 19, 2005, Plaintiffs CHOW and WILLIAMS filed Government Claims with the STATE BAR, pursuant to Cal. Gov. Code § 910, (§910) subsequently supplemented at the request of the STATE BAR. These claims were for tortious retaliation against Plaintiffs CHOW and WILLIAMS for reporting these defalcations to the STATE BAR, a California Government Agency. Such retaliation is in violation of California Labor Code Section 1102.5, the so-called "whistle blower" statute.

9.    On or about October 24, 2005, the STATE BAR rejected Plaintiffs' §910 claims.

## FIRST CAUSE OF ACTION

### (Retaliation For Whistle Blowing Labor Code § 1102.5)

10.    Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 9 as if set out at length herein.

COMPLAINT                                    2

11.    The above described disclosures to defendant STATE BAR constitute disclosures by employees of a government agency to their employer, of information to a government agency which Plaintiffs CHOW and WILLIAMS had reasonable cause to believe disclosed violations of and/or non-compliance with, state or federal statutes or regulations including but not limited to state or federal statutes, rules or regulations pertaining to the amount of membership dues the STATE BAR may charge its membership, embezzlement of members' money, misappropriation of members' money, and/or conversion of members' money.

12.    In retaliation for the above described disclosures, defendant STATE BAR has adversely and materially affected the terms and conditions of employment for Plaintiffs CHOW and WILLIAMS, including but not limited to significantly diminishing material responsibilities and/or upgrading other employees who participated in the above described defalcations, leaving Plaintiffs subject to threats of demotion and/or termination, leaving Plaintiffs vulnerable to being "bumped" down in classification and/or "bumped" out of employment with the STATE BAR. And/or interference with Plaintiffs' ability to advance to higher classifications.

13.    As a direct, foreseeable and proximate result of Defendant's conduct Plaintiffs CHOW and WILLIAMS have suffered great anxiety, embarrassment, anger, and severe emotional distress. As a result, Cross-Complainant was injured in an amount to be established according to proof, but in an amount exceeding the jurisdictional minimum of this court.

14.    Defendant committed the acts alleged herein maliciously, fraudulently and oppressively and with the wrongful intention of injuring Plaintiffs CHOW and WILLIAMS and acted with an improper and evil motive amounting to malice. Alternatively, Defendant's despicable conduct was carried out in conscious disregard of Plaintiffs' rights. As a result of Defendant's conduct, Plaintiffs are entitled to recover punitive damages as and for an example and to punish them for their acts.

COMPLAINT                                    3

1

**PRAYER FOR RELIEF**

2 **THEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

3 1.    For judgment against all defendants;

4 2.    For compensatory damages according to proof;

5 3.    For punitive and exemplary damages; and

6 4.    For all other damages the court deems just and proper.

7 Dated: April 22, 2006

8

9

10    Edith J. Benay
      Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **COMPLAINT**                        4

**EXHIBIT B**

ENDORSED
FILED
San Francisco County Superior Court

AUG 0 2 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

REC'D AUG 0 2 2007

1  Edith J. Benay, S.B.N. 98747
   Law Office of Edith J. Benay
2  345 Franklin Street
   San Francisco, CA 94102
3  Telephone:    (415) 241-7286
   Facsimile:    (415) 252-8048
4
   Attorney for Plaintiffs
5

6

7

8

9              SUPERIOR COURT OF CALIFORNIA

10        IN AND FOR THE COUNTY OF SAN FRANCISCO

11            UNLIMITED CIVIL JURISDICTION

12  JUDITH CHOW and SCOTT WILLIAMS        )   Case No. CGC 06-451572
                                          )
13            Plaintiffs                  )   SECOND AMENDED
                                          )   COMPLAINT FOR
14  v.                                    )   RETALIATION FOR
                                          )   WHISTLE BLOWING
15  THE STATE BAR OF CALIFORNIA           )   LABOR CODE §1102.5
     and ROBERT HAWLEY, ELYSE COTANT,     )   RETALIATION FOR
16  STARR BABCOCK, PEGGY VAN HORN and     )   COMPLAINING ABOUT
    DOES I through XXX, inclusive,        )   GENDER DISCRIMINATION
17                                        )   CAL. GOV CODE §12900
            Defendants                    )
18  _____ )

19

20                        **PARTIES**

21  1.    All causes of action arose in San Francisco County, California.

22  2.    Plaintiff JUDITH CHOW is a resident of the State of California. She has been

23  employed at the State Bar of California, (STATE BAR), in San Francisco California, for

24  approximately twenty years.

25  3.    Plaintiff SCOTT WILLIAMS is a resident of the state of California. He has been

26  employed at the State Bar of California, (STATE BAR), in San Francisco California, for

27  approximately fifteen years.

28  4.    Defendant State Bar of California (STATE BAR) is a California government agency,

SECOND
AMENDED COMPLAINT                    1

with offices in San Francisco, California.

5.   Defendant ROBERT HAWLEY is the Deputy Executive Director for defendant STATE BAR OF CALIFORNIA.

6.   Defendant Elyse Cotant is the former Director of Member Services for Defendant STATE BAR.  Plaintiffs are informed and believe and on that basis allege that  Defendant COTANT has been  a Special Advisor, Member Service Center for defendant STATE BAR, since her retirement.

7.   Defendant PEGGY VAN HORN is the Senior Executive, Finance, for Defendant STATE BAR.

8.   Defendant STARR BABCOCK, is the Senior Executive, Member Services,  for Defendant STATE BAR.

9.   Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with and/or conspired with one another to do the acts alleged herein.

10.   Plaintiffs are  ignorant of the true names or capacities of the Defendants sued herein under the fictitious names DOES I through XXX inclusive, and such DOE defendants are sued herein pursuant to California Code of Civil Procedure § 474.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.   Plaintiffs  incorporate all of the allegations contained in paragraphs 1 through 10 as if set out at length herein.

12.   Since in or around 2002 and continuing, Plaintiffs CHOW and WILLIAMS have reported to Defendant STATE BAR, the existence of defalcations in the Membership Billing Department,  including but  not limited to failure/refusal to allocate member payments as the member directed; taking payments which the member intended for sections or for charitable

SECOND
AMENDED COMPLAINT                    2

1  foundations and allocating all or part of those payments directly to the STATE BAR without

2  notifying the member; failing to reimburse excess payments in a timely manner, if at all, while

3  using the money for the direct benefit of the STATE BAR; failing to credit members' accounts

4  with the amount of the excess payments; using member payments for unauthorized

5  contributions to the State Bar Foundation and other State Bar charitable funds; misrepresenting

6  the inactive fee for inactive members over the age of seventy and failing/refusing to reimburse

7  the overpayment for a period of years, if at all, while using those funds for the direct benefit of

8  the STATE BAR; overcharging disciplined members for the Client Security Fund with the intent

9  of making them pay the STATE BAR's collection costs; untimely processing of dues payments

10  with the intent and/or effect of inducing members to make multiple payments, all of which were

11  used for the direct benefit of the STATE BAR and untimely processing of members' return mail

12  with the intent of making them miss the deadline for requesting reimbursement of voluntary

13  contributions made in 1998 and 1999.

14  13.    On September 19, 2005, Plaintiffs CHOW and WILLIAMS filed Government Claims

15  with the STATE BAR, pursuant to Cal. Gov. Code § 910, (§910), subsequently supplemented at

16  the request of the STATE BAR, alleging harassment for disclosing these and other defalcations

17  in the Member Billing Department.

18  14.    On or about October 24, 2005, the STATE BAR rejected Plaintiffs' September 19, 2005

19  §910 claims.

20  15.    On May 26, 2006, Plaintiffs CHOW and WILLIAMS filed Government Claims with the

21  STATE BAR , pursuant to Cal. Gov. Code § 910 (§ 910), alleging harassment and retaliation,

22  including but not limited to interference with training, interference with promotional

23  opportunities and preventing promotions;

24  16.    On or about July 5, 2006, the STATE BAR rejected Plaintiffs' May 26, 2006 §910

25  claims.

26  17.    On January 17, 2007, Plaintiffs CHOW and WILLIAMS filed Government Claims with

27  the STATE BAR, pursuant to Cal. Gov. Code § 910 (§ 910), alleging harassment and retaliation,

28  including but not limited to interference with training, interference with promotional

SECOND
AMENDED COMPLAINT                    3

1  opportunities and preventing promotions.

2  18.       On or about February 7, 2007, the STATE BAR rejected Plaintiffs' §910 claims.

3  19.       In or around 1999 judgment was entered against the STATE BAR in favor of Plaintiff

4  CHOW for gender discrimination.  Since in or around 2000, Plaintiff CHOW has been harassed

5  in retaliation for her protected activity.   Since on or about 2006  and in a continuing violation,

6  Plaintiff CHOW has suffered adverse employment actions including but not limited to being

7  denied promotions and promotional opportunities due to retaliation for her protected activity.

8  20.       On or about July 18, 2006,  Plaintiff CHOW filed a charge of continuing retaliation in

9   violation of the Fair Employment and Housing Act, Cal. Gov. Code § 12900 et seq, against

10  Defendants STATE BAR OF CALIFORNIA, ROBERT HAWLEY, STARR BABCOCK,

11  ELYSE COTANT and PEGGY VAN HORN.  On or about July 30, 2006. Plaintiff CHOW

12  received a letter giving her the right to sue on those charges

13  21.       On or about May 29, 2007 Plaintiff CHOW filed another  charge of continuing

14  retaliation, harassment and hostile work environment in violation of the Fair Employment and

15  Housing Act against Defendants STATE BAR OF CALIFORNIA, ROBERT HAWLEY,

16  STARR BABCOCK and PEGGY VAN HORN.  On or about June 10, 2007 Plaintiff CHOW

17  received a letter giving her the right to sue on those charges

18                          **FIRST CAUSE OF ACTION**

19              **(Retaliation For Whistle Blowing Labor Code § 1102.5)**

20

21  22.       Plaintiffs  incorporate all of the allegations contained in paragraphs 1 through 21 as if set

22  out at length herein.

23  23.       The above described disclosures to defendant  STATE BAR constitute disclosures  to

24   a government agency  which Plaintiffs CHOW and WILLIAMS, employees of that government

25  agency,  had reasonable cause to believe disclosed violations of and/or non-compliance with,

26  state or federal statutes or regulations.  Those state or federal statutes, rules or regulations pertain

27  to the amount of membership dues the STATE  BAR may charge its membership,  embezzlement

28  of members' money, misappropriation of members' money and conversion of members' money.

SECOND
AMENDED COMPLAINT                              4

24.     Defendant STATE BAR had no mandatory internal procedures for whistle blowing and no mandatory internal procedures for complaining about the retaliation suffered by the Plaintiffs.

25.     In retaliation for the above described disclosures, defendant STATE BAR has adversely and materially affected the terms and conditions of employment for Plaintiffs CHOW and WILLIAMS, including but not limited to continued harassment including but not limited to false accusations of poor performance, under-evaluating their job performance, deteriorating performance evaluations, failing to train in important Billing Technician job duties, significantly diminishing material responsibilities, upgrading and otherwise rewarding other employees who participated in the above described defalcations, subjecting Plaintiffs to threats of demotion, discipline and/or termination, interference with Plaintiffs' ability to advance to higher classifications and, through supervisors and upper management, shouting, screaming and other expressions of hostility toward Plaintiffs CHOW and WILLIAMS, causing Plaintiffs to fear the possibility of physical injury and causing/ encouraging co-workers to harass Plaintiffs and demean them to others.

26.     In addition to the above mentioned harassment, Defendant STATE BAR prevented Plaintiff s CHOW and WILLIAMS from promoting, including but not limited to the positions of Acting Supervisor of the Member Billing Department, Supervisor of the Member Billing Department, Manager of the Member Billing Department, Grade seven Member Services Technician, Acting Assistant Supervisor of the Member Billing Department, Assistant Supervisor of the Member Billing Department, a Level 10 position in the Member Certification Department and Level 8 Moral Character Analyst.

27.     As a direct, foreseeable and proximate result of Defendants' conduct Plaintiffs CHOW and WILLIAMS have suffered great anxiety, embarrassment, anger, and severe emotional distress and they were injured in an amount to be established according to proof, but in an amount exceeding the jurisdictional minimum of this court.

28.     As a direct, foreseeable and proximate result of Defendants' conduct Plaintiffs CHOW and WILLIAMS have suffered lost wages and benefits in an amount to be established according

SECOND
AMENDED COMPLAINT                    5

1  to proof but in an amount exceeding the jurisdictional minimum of this court.

2  29.    As a further direct and proximate result of the Defendant's retaliatory conduct Plaintiffs

3  have incurred and will continue to incur costs and attorney's fees.  Pursuant to Code of Civil

4  Procedure 1021.5 Plaintiffs are entitled to an award of attorneys fees for enforcement of an

5  important right affecting the public interest.

6  ## SECOND  CAUSE OF ACTION

7  **(Retaliation For Complaining About Gender Discrimination Cal. Gov. Code § 12900 et seq)**

8

9  30.    Plaintiff CHOW incorporates all of the allegations contained in paragraphs 1 through 29

10  as if set  out at length herein.

11  31.    Plaintiff  CHOW was at all times material hereto an employee covered by the Fair

12  Employment and Housing Act (FEHA) prohibiting discrimination and harassment in

13  employment on the basis of race, national origin and gender and prohibiting retaliation for

14  complaining of such discrimination. Cal. Gov. Code sections 12900 et seq.

15  32.    Defendants STATE BAR, ROBERT HAWLEY, ELYSE COTANT,  STARR

16  BABCOCK, and PEGGY VAN HORN ("INDIVIDUALLY NAMED DEFENDANTS") were

17  and at all times material hereto are,  covered by and subject to the FEHA.  As such, Defendants

18  STATE BAR and  INDIVIDUALLY NAMED DEFENDANTS are and were barred from

19  harassing and/or discriminating against Plaintiff CHOW and/or creating a hostile environment

20  against Plaintiff CHOW in retaliation for her protected activity, complaining about gender

21  discrimination, and for complaining about retaliation for complaining about retaliation.

22  33.    The conduct of Defendant STATE BAR and INDIVIDUALLY NAMED DEFENDANTS

23  as alleged herein, was motivated, in whole or in part, by retaliation  for Plaintiff CHOW's

24  protected activity regarding gender discrimination and regarding retaliation for complaining

25  about gender discrimination.

26  34. Defendants all have knowledge of the judgment entered against the STATE BAR in Plaintiff

27  JUDITH CHOW's favor on the basis of gender discrimination.

28

SECOND
AMENDED COMPLAINT                                6

35.    The above described Retaliation includes harassment in the form of attempting to intimidate Plaintiff CHOW into not protecting herself by documenting retaliatory conduct; false accusations of poor job performance, under-evaluating CHOW's job performance, deteriorating performance evaluations, failing to train in important Billing Technician job duties, subjecting CHOW to threats of demotion, discipline and/or termination, preventing CHOW from advancing to higher classifications, refusing to promote, shouting, screaming, slamming doors on Plaintiff CHOW and other expressions of hostility causing CHOW to fear the possibility of personal injury and causing/ encouraging co-workers to harass Plaintiff CHOW and demean her to others.

36.    As a direct, foreseeable and proximate result of Defendants' retaliatory conduct, Plaintiff has lost salary and other employment benefits to which she was entitled, in an amount to be proven at trial.

37.    As a further direct foreseeable and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer physical, mental and emotional distress and discomfort all to Plaintiff's general damage, in an amount to be proven at trial.

38.    As a further direct and proximate result of the Defendant's discriminatory conduct, Plaintiff has incurred and will continue to incur costs and attorney's fees.

**PRAYER FOR RELIEF**

**THEREFORE, PLAINTIFFS PRAY AS FOLLOWS:**

1.    For judgment against all defendants;

2.    For compensatory damages according to proof;

3.    For Costs and Attorneys Fees; and

4.    For all other damages the court deems just and proper.

Dated: July 30, 2007

Edith J. Benay
Attorney for Plaintiffs

SECOND
AMENDED COMPLAINT                    7

# EXHIBIT C

1  Edith J. Benay, S.B.N. 98747
   Law Office of Edith J. Benay
2  345 Franklin Street
   San Francisco, CA 94102
3  Telephone:    (415) 241-7286
   Facsimile:    (415) 252-8048
4
5  Attorney for Plaintiffs
6
7
8
9                IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  JUDITH CHOW and SCOTT WILLIAMS      )
                                        )   Case No.C 07 4478 CW
14          Plaintiffs                  )
                                        )   AMENDED COMPLAINT FOR
15  v.                                  )   VIOLATION OF RACKETEERING
                                        )   INFLUENCED AND CORRUPT
16                                      )   ORGANIZATION ACT
                                        )   18 U.S.C. 1961 ET SEQ.
17  JUDY JOHNSON, ROBERT HAWLEY,        )
    ELYSE COTANT, STARR BABCOCK         )
18  and PEGGY VAN HORN                  )   **JURY DEMAND**
                                        )
19          Defendants                  )
                                        )
20  _____)

21

22

23

24

25

26

27  AMENDED COMPLAINT  FOR VIOLATION
    OF  RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT

**I.**

**JURISDICTION**

1.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by the equitable powers inherent in the courts of the United States.

2.    This is an action for violation of the Racketeer Influenced Corrupt Organizations Act 18 U.S.C. 1961 *et.seq.*

3.    Venue of this action is appropriate in this district under the provisions of 28 U.S.C.§ 1391.

4.    Plaintiffs have standing to bring this action.

5.    All causes of action arose in San Francisco County, California.

**II.**

**PARTIES**

6.    Plaintiff JUDITH CHOW is a resident of the State of California. She has been employed at the State Bar of California, (State Bar), in San Francisco California, for approximately twenty years and has been a Member Billing Technician since in or around 1998. Since in or around 2002 and continuing she has reported financial defalcations in the Member Billing Department to Defendants, which defalcations amount to extortion and mail fraud under federal law. Defendants are Directors and Executive Staff of the State Bar. Since Plaintiff CHOW first made those reports, and continuing, Defendants have conspired to subject her to witness tampering in violation of federal law. Together, the extortion, mail fraud and witness tampering constitute a pattern of racketeering activity which, within the past four years, has

AMENDED COMPLAINT  FOR VIOLATION
OF RACKETEERING INFLUENCED
AND CORRUPT ORGANIZATION ACT                1

1  proximately caused Plaintiff damage to her property and business.

2      7.    Plaintiff SCOTT WILLIAMS is a resident of the State of California.  He has been

3  employed at the State Bar in San Francisco California, for approximately fifteen years and has

4  been a Member Billing Technician since in or around 2000. Since in or around 2002 and

5

6  continuing he has reported financial defalcations in the Member Billing Department to

7  Defendants, which defalcations amount to extortion and mail fraud under federal law.

8  Defendants are Directors and Executive Staff of the State Bar.   Since Plaintiff WILLIAMS  first

9
10  made those reports, and continuing, Defendants have subjected him to witness tampering and

11  have conspired to subject him to witness tampering  in violation of federal law.   Together, the

12  extortion, mail fraud and witness tampering constitute a pattern of racketeering activity which,

13  within the past four years,  has proximately caused Plaintiff damage to his property and business

14
      8.    Defendant ROBERT HAWLEY is a resident of the State of California and is
15
16  Deputy  Executive Director for the  State Bar.of  California.

17      9.    Defendant Elyse Cotant is the former Director of Member Billing and the former

18  Director of Member Services for the State Bar.   Plaintiffs are informed and believe and on that

19  basis allege that  Defendant COTANT has been  a Special Advisor, Member Service Center for

20  the State Bar since her separation from the State Bar in or around 2005.
21
22      10.    Defendant PEGGY VAN HORN is a resident of the State of California and the

23  Senior Executive, Finance, for the State Bar.

24      11.    Defendant STARR BABCOCK, is a resident of the State of California and the

25  Special Assistant to the Executive Director and Senior Executive, Member Services,  for the

26

27  AMENDED COMPLAINT   FOR VIOLATION
    OF  RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT              2

State Bar.

12.    Defendant JUDY JOHNSON is a resident of the State of California and the Executive Director of the State Bar.

13.    Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants was acting as the agent of each of the other Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and aided, abetted, cooperated with and/ or conspired with one another to do the acts alleged herein.

## FIRST CAUSE OF ACTION

### (Racketeer Influence and Corrupt Organizations)

.    14.    Plaintiffs  incorporate all of the allegations contained in paragraphs 1 through 13 as  if set out at length herein.

15.    Defendants JUDY JOHNSON, ROBERT HAWLEY, ELYSE COTANT, STARR  BABCOCK and  PEGGY  VAN HORN are  "persons," as defined  at 18 U.S.C. 1961(3).

16.    The State Bar is an enterprise  affecting interstate  commerce, as defined at 18 U.S.C. 1961(4),  in  that the  multi-state scope of this entity's  membership, programs and dues arrangements make possible a flow of  funds that substantially affects interstate commerce.

17.    Defendants,  ROBERT HAWLEY, ELYSE COTANT, STARR  BABCOCK, PEGGY  VAN HORN and JUDY JOHNSON, are all Directors or former Directors and members or former members of the Executive Staff of the State Bar.  Since in or around 1998, and/or since their employment with the State Bar, Defendants,  acting in their individual capacities and in their official capacities,  have participated directly or indirectly in conducting  the  affairs of the

AMENDED COMPLAINT   FOR VIOLATION
OF  RACKETEERING INFLUENCED
AND CORRUPT ORGANIZATION ACT                    3

1    State Bar enterprise  through a pattern of racketeering activity  in violation of 18 U.S.C. 1962 ©).

2    This pattern of racketeering activity consists of the combination of extortion, mail fraud, wire

3    fraud and tampering with witnesses with the intent to prevent witnesses, including but not limited

4    to Plaintiffs,  or attempt to prevent witnesses, from testifying in official proceedings about

5    extortion, mail fraud and wire fraud, and to prevent or attempt to prevent them from reporting it

6    to law enforcement and Judges of the United States.  This pattern of racketeering activity has

7    continued for a period of years since in or around 1998 and presents a threat of open-ended

8    continuity.

9        18.    Since in or around 1998 and/or when employed by the State Bar, Defendants

10   ROBERT HAWLEY, ELYSE COTANT, STARR  BABCOCK, PEGGY  VAN HORN and

11   JUDY  JOHNSON have associated in fact as an enterprise affecting interstate commerce in  that

12   the  multi-state scope of the State Bar membership reached by this associated in fact enterprise

13   makes possible a flow of funds that substantially affects interstate commerce as defined at 18

14   U.S.C. 1961(4). This associated in fact enterprise has a common or shared purpose to increase

15   the State Bar's General Fund and to increase contributions to the Conference of Delegates and

16   the State Bar Foundation, also known as the Cal Bar Foundation,  which benefits the State Bar.

17   This common or shared purpose is to Defendants' benefit.

18       19.    Defendants, acting in their individual capacities and in their official capacities,

19   have participated directly or indirectly in conducting  the  affairs of this associated in fact

20   enterprise through a pattern of racketeering activity in violation of 18 U.S.C. 1962©).  This

21   pattern of racketeering activity consists of the combination of extortion, mail fraud, wire fraud

22   and tampering with witnesses with the intent to prevent witnesses, including but not limited to

23   Plaintiffs,  or  attempt to prevent them from testifying about extortion, mail fraud and wire fraud

24   in official proceedings and to prevent them from reporting it to law enforcement and judges of

25   the United States. This associated in fact enterprise has  continuity of structure and personnel

26   and an ascertainable structure distinct from that inherent in the pattern of racketeering.

27   AMENDED COMPLAINT  FOR VIOLATION
     OF  RACKETEERING INFLUENCED
28   AND CORRUPT ORGANIZATION ACT                4

20.     Since on or about 1998 and continuing to the present Defendants have conspired to violate 18 U.S.C. 1962 ( c), in violation of 18 U.S.C. 1962(d), by conspiring to commit federal violations constituting predicate acts under 18 U.S.C. 1961, including but not limited to the federal violations described below.

21.     Defendants' pattern of racketeering activity and conspiracy to engage in a pattern of racketeering activity includes but is not limited to a pattern of mail fraud and wire fraud (credit card payments, use of internet for credit card payments) defined by 18 U.S.C. 1341 and 1343, as devising schemes or artifices with the specific intent of using the United States mails or wires for obtaining money by means of false or fraudulent pretenses, and for the purpose of executing such schemes or artifices or attempting to do so.  Mail fraud and wire fraud are predicate acts under 18 U.S.C. 1961 of RICO.  Such schemes or artifices for mail fraud and wire fraud were devised by Defendants with the specific intent of defrauding members into paying more to the State Bar, the Conference of Delegates and/or the State Bar Fund/Cal Bar Fund than required or authorized. Defendants' schemes or artifices for mail fraud and/or wire fraud began in or around 1998 and are continuing.  They include but are not limited to the following:

a. Between approximately 1998 and 2004-2005 Defendants have intentionally used the mail and conspired to use the mail to misrepresent the fee waiver for inactive members age 70 or over and to defraud inactive members age 70 or over into paying fees that they were not required to pay.  Those payments were commingled with the State Bar's General Fund and used by the State Bar. Refunds of payments made as early as 1998 did not begin until 2004, if at all.

b. Since on or about 1998 and continuing Defendants have intentionally used the mail and/or wires, and/or conspired to use the mail and/or wires, to defraud certain members who believed they were sending money to the State Bar for donations to the State Bar Fund/Cal Bar Fund, into making additional payments to the State Bar General Fund purportedly for penalties of which the member was never informed and had no opportunity to question or protest or pay

AMENDED COMPLAINT FOR VIOLATION
OF RACKETEERING INFLUENCED
AND CORRUPT ORGANIZATION ACT                    5

1 │ without diminishing their contribution(s).

2 │      c. Since on or about 1998 and continuing Defendants have intentionally used the mail

3 │ and/or wires and conspired to use the mail and/or wires to defraud certain members who believed

4 │ they were sending money to the State Bar to pay for "sections" into making additional payments

5 │ to the State Bar General Fund purportedly for penalties of which the member was never informed

6 │ and had no opportunity to question or protest or pay without diminishing payment for sections.

7 │ Under normal circumstances, payments for sections do not go to the General Fund.

8 │      d. Since on or about 1998 and continuing Defendants have intentionally used the mail

9 │ and/or wires and conspired to use the mail and/or wires, to defraud certain members who

10 │ believed they were sending money to the State Bar for a specific purpose,   into making

11 │ unauthorized contributions to the Conference of Delegates and/or the State Bar Fund/Cal Bar

12 │ Fund, by using "overpayments" to make unauthorized contributions.

13 │      e. Since on or about 1998 and continuing Defendants intentionally used the mail and/or

14 │ wires and conspired to use the mail and/or wires to defraud certain members, law firms and

15 │ government  agencies into making multiple payments, which Defendants commingled with the

16 │ General Fund and used as revenue. These multiple payments were made when  the  initial

17 │ payments were not credited to members' accounts because errors in the payment made it difficult

18 │ to allocate, when posting of the original payment was delayed  or when  malfunctions in the

19 │ internet method of payment and/or the credit card method of payment  caused multiple payments

20 │ to be recorded.   Defendants intentionally avoided refunding any part of these  multiple

21 │ payments, in some cases  for as long as five years,  if at all.

22 │      f. Since on or about 2002 Defendants intentionally used the mail and/or wires and

23 │ conspired to use the mail and/or wires to defraud  members who believed that a portion of their

24 │ dues or inactive fees were  being used to support the Lawyers Assistance Program (LAP).   Since

25 │ 2002 a portion of the LAP revenues have gone to the State Bar for uses not directly related to the

26 │ LAP, including but not limited to General Fund programs and/or to the Public Protection Reserve

27 │ AMENDED COMPLAINT  FOR VIOLATION
   OF  RACKETEERING INFLUENCED
28 │ AND CORRUPT ORGANIZATION ACT                6

1    Fund used to supplement the General Fund.

2        g. In 2000 Defendants intentionally used the mail and conspired to use the mail to defraud

3    certain members who made voluntary payments in 1998 and 1999 to cause them to lose the

4    opportunity to request that their voluntary payments be refunded or credited to their future dues

5    or fees.  Refunds and credits had to be expressly requested by a certain date, otherwise the

6    voluntary payments would automatically default to a contribution to the State Bar.  Defendants

7    intentionally failed to research correct addresses for statements allegedly returned as

8    "undeliverable" until after the deadline passed and it was too late to request a credit or refund.

9        h. Since on or about 1998 Defendants have intentionally used the mail and conspired to

10   use the mail to defraud certain members into paying more for dues than they owe by omitting

11   subtotals on the annual statement and designing the statement so that it is difficult to determine

12   that members have credits or waivers on their accounts.

13       I. Defendants have intentionally used the mail and have conspired to use the mail to

14   attempt to defraud certain members and former members as to the amount they owe in

15   reimbursements to the Client Security Fund by duplicating charges and including the cost of

16   collection in what they owe.

17       k. At various times since on or about 1998 Defendants have intentionally used the mail

18   and have conspired to use the mail to misrepresent the requirements for fee scaling on the annual

19   statement and defraud certain members into paying more for dues than they were required to

20   pay.

21       22.    Defendants' pattern of racketeering activity and conspiracy to commit a pattern

22   of racketeering, includes but is not limited to a pattern of extortion, defined by 18 U.S.C. 1951

23   as the obtaining of property from another, with his consent, induced by a wrongful use of fear

24   or under color of official right.   Extortion is a predicate act under RICO, 18 U.S.C. 1961(1).

25   Defendants acted with specific intent to extort funds from members over a period of years

26   beginning in or around 1998 and continuing.   Defendants' intentional acts of extortion include

27   AMENDED COMPLAINT FOR VIOLATION
     OF RACKETEERING INFLUENCED
28   AND CORRUPT ORGANIZATION ACT            7

1  but are not limited to the following:

2  a. In or around 1998, using fear of suspension from the State Bar and, under color of

3  official right to receive payments of inactive fees, Defendants intentionally redesigned the fee

4  statement and conspired to redesign the fee statement with specific intent to mislead inactive

5  members over the age of 70 into paying the $50 inactive fee which they were not required to

6  pay. Defendants commingled those payments with the General Fund for State Bar use conspiring

7  to not refund those payments until about 2004/2005, if at all, if cash flow permitted and if the

8  member could be located..

9  b. Since on or about 1998, using fear of suspension from the State Bar and/or under color

10  of official right to receive money intended to pay for "sections" Defendants have intentionally

11  used certain members' payments for sections and conspired to use these payments for sections,

12  to pay purported late penalties into the General Fund, without seeking or receiving authorization

13  from the member. Under normal circumstances, payments for sections do not go to the General

14  Fund.

15  c. Since on or about 1998, using fear of suspension from the State Bar and/or under color

16  of official right to receive donations intended for the Foundation of the State Bar of California,

17  also entitled Cal Bar Fund, Defendants have intentionally used some of those donations and

18  conspired to use some of those donations to pay purported late penalties into the General fund

19  without seeking or receiving authorization from the member and without informing the member

20  that their tax deductible donation was reduced.

21  d. Since on or about 1998, using fear of suspension from the State Bar and/or under color

22  of official right to receive payments from members, Defendants have intentionally used, and

23  conspired to use, all or part of members' excess payments as donations to the State Bar's

24  Conference of Delegates, donations to the Foundation of the State Bar, also known as the Cal

25  Bar Foundation, and in some cases to the State Bar itself. Prior to 2002 the Conference of

26  Delegates was part of the State Bar but since 2002 it has been a separate nonprofit trade

27  AMENDED COMPLAINT FOR VIOLATION
   OF RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT                8

1  association under IRS §501(c)(6), enabling it to engage in advocacy, lobbying and ballot measure

2  activities. These donations have been made without authorization from the member and instead

3  of getting authorization, instead of refunding the money to the member and instead of

4  crediting the money to the member's State Bar account. The remainder of the excess payment,

5  if any, is kept in the General Fund for use by the State Bar and, in some cases, are not carried

6  forward as a credit on the member's account.

7        e. Since on or about 1998, using fear of suspension from the State Bar and/or under color

8  of official right to receive payments from members and from law firms and government agencies

9  making payments on behalf of members, Defendants have intentionally retained and used and

10  have conspired to retain and use "multiple payments." These multiple payments were made

11  when the initial payments were not credited to members' accounts because errors in the

12  payment made it difficult to allocate, when posting of the original payment was delayed or when

13  malfunctions in the internet method of payment and/or the credit card method of payment caused

14  multiple payments to be recorded. Defendants have intentionally commingled those funds with

15  the State Bar's General Fund and have intentionally avoided refunding any part of those multiple

16  payments, in some cases for as long as five years, if at all.

17        f. Using fear of suspension from the State Bar and under color of official right to

18  receive payments from members for late penalties, Defendants JOHNSON, HAWLEY,

19  BABCOCK and VAN HORN have intentionally held and have conspired to hold members' 2007

20  payments of unnecessary penalties, without timely refund. These payments have been held since

21  early February, 2007.

22        g. Since on or about 2002, using fear of suspension from the State Bar and under color of

23  official right to use a certain portion of each member's dues or inactive fees to support the

24  Lawyers' Assistance Program (LAP), Defendants have used and have conspired to use a portion

25  of the LAP revenues for purposes not directly related to the LAP, including but not limited to

26  General Fund programs and/or the Public Protection Reserve Fund which is used to supplement

27  AMENDED COMPLAINT FOR VIOLATION
   OF RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT                    9

1  the General Fund.

2

3      h. Under color of official right to bill attorneys and former attorneys who are required to

4  reimburse the Client Security Fund for payments made to their former clients, Defendants have

5  intentionally over billed and have conspired to over bill  those members or former members,

6  including but not limited to billing them for costs of collection activities.

7      i. In 2000, using fear of suspension from the State Bar and fear of  loss of State Bar

8  services and/or  under color of official right Defendants JOHNSON, HAWLEY and COTANT

9  intentionally kept and conspired to keep voluntary payments made during the 1998 and 1999

10  fiscal crisis, as donations to the State Bar,  by intentionally causing and conspiring to cause

11  certain members to lose  the opportunity to request that their voluntary payments be refunded or

12  credited to their 2000 dues or fees.  Refunds and credits had to be expressly requested by a

13  certain date, otherwise the voluntary payments would automatically default to a contribution to

14  the State Bar.  Defendants intentionally failed to research correct addresses for statements

15  allegedly returned as "undeliverable" until after the deadline passed and it was too late to request

16  a credit or refund.

17      j. Since on or about 1998, using fear of suspension from the State Bar and under color of

18  official right to receive payments from members, Defendants have conspired to send confusing

19  and misleading statements, including but not limited to the omission of subtotals,  causing certain

20  members who have credits or waivers on their accounts to be misled and to continue paying the

21  full amount of their dues, without using the credit, leaving the amount of the credit in the General

22  Fund for the State Bar's use.

23      k.  Using fear of suspension from the State Bar and under color of official right

24  Defendants have intentionally misrepresented and have conspired to misrepresent, the rights and

25  procedures for dues scaling thereby causing some members who were entitled to scale their dues

26  to remit the entire dues payment instead.

27  AMENDED COMPLAINT  FOR VIOLATION
    OF  RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT                10

23.    Defendants' pattern of racketeering activity and conspiracy to commit a pattern

of racketeering activity includes but is  not  limited  to a pattern  of tampering with witnesses

and/or potential witnesses  as defined by 18 U.S.C. §1512 , for the purpose of attempting to

prevent Plaintiffs from testifying about federal violations, including but not limited to those

described above, in official proceedings and/or reporting federal violations, including but not

limited to those described above  to law enforcement or a judge of the United States.   This

tampering with witnesses has continued since on or about 2002 and is likely to continue.

Defendants' tampering with witnesses includes but is not limited to the following:

a. Since on or about 2002, when Plaintiffs began reporting  some of the above described

federal violations to Defendants,   and continuing,  Defendants have intentionally demonstrated

hostility and have conspired to demonstrate  hostility to Plaintiffs amounting to threats of

physical force and attempted intimidation, on occasion leaving Plaintiffs physically shaken, in

fear of physical injury and/or suffering physically.

b. Since on or about 2002, when Plaintiffs began reporting  some of the above described

federal violations to Defendants,  and continuing,  Defendants have intentionally caused others to

demonstrate hostility to Plaintiffs and have conspired to cause others to demonstrate hostility to

Plaintiffs, amounting to intimidation.

c. In 2005 Defendant PEGGY VAN HORN threatened to reduce the salary grade for the

three remaining Billing Technicians, two of whom were Plaintiffs.    That threat has never been

withdrawn and Plaintiffs job duties are being reduced and transferred to different department(s).

The individual who was the third Billing Technician in 2005 has  been transferred to a different

department.

d. Plaintiffs' performance evaluations have deteriorated since  reporting the above federal

violations and in 2005 Defendants  COTANT,  BABCOCK and VAN HORN, rated Plaintiffs'

Communication/ Collaboration/Teamwork/Interpersonal Skills as "needs improvement" which is

the lowest possible rating  and generates the possibility of discipline up to and including

AMENDED COMPLAINT  FOR VIOLATION
OF  RACKETEERING INFLUENCED
AND CORRUPT ORGANIZATION ACT                 11

1   termination.  In 2006 Defendant VAN HORN again rated Plaintiffs' Communication/

2   Collaboration/Teamwork/ Interpersonal Skills as "needs improvement."

3       e. In or around 2006 Defendant VAN HORN,  threatened Plaintiff CHOW with discipline

4   up to and including termination for saying that the State Bar was misappropriating member funds

5   .    f. In or around 2006 Defendant  VAN HORN threatened Plaintiff WILLIAMS with

6   discipline up to and including  termination for identifying what she  referred to as "over

7   $1,000,000 in accounting errors" in the Client Security Fund.

8       g. In or around 2004 Defendant BABCOCK told Plaintiff CHOW to stop writing memos

9   and he told Plaintiff WILLIAMS that WILLIAMS would never get promoted  if he kept writing

10  memos.  Shortly thereafter BABCOCK personally participated in at least two procedures in

11  which he took wrongful action to assure that WILLIAMS would not be promoted.

12      h. Since in or around 2002 and continuing Defendants have wrongfully prevented

13  Plaintiffs from  receiving training  despite their skills and qualifications and since in or around

14  2004 Defendants have wrongfully prevented Plaintiffs from receiving  promotions.

15      I. In 2002/2003 Defendants COTANT , HAWLEY and JOHNSON conspired to provide

16  false information to auditors and to conduct a limited audit based on false information in order to

17  corruptly persuade and mislead Plaintiffs and/or to attempt to corruptly persuade and mislead

18  Plaintiffs, with the intent of influencing, delaying or preventing Plaintiffs' testimony in any

19  official proceeding or reporting  to law enforcement or a judge of the United States,  about

20  federal violations, including but not limited to the above described extortion and mail/wire fraud

21  violations.

22      24.  Within the past four years,  Defendants have intentionally and wrongfully deprived

23  Plaintiffs of promotions with the specific intent of attempting to intimidate, harass, corruptly

24  persuade and mislead them into not testifying about Defendants' federal violations, including but

25  not limited to the above described extortion and mail/wire fraud,  in official proceedings  and not

26  reporting those federal violations to law enforcement or judges of the United States.

27  AMENDED COMPLAINT  FOR VIOLATION
    OF  RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT            12

1  Defendants' furtherance of their pattern of racketeering activity is the direct and proximate cause

2  of this injury to Plaintiffs' business and property.  Such injury was the direct target of

3  Defendants' pattern of racketeering activities and their conspiracy to conduct a pattern of

4  racketeering activities

5      25.    As a direct, foreseeable and proximate result of Defendants' conduct Plaintiffs

6  have lost salary and other employment benefits, constituting damage to business and property,

7  to which they are entitled, in an amount to be proven at trial.

8      26.    Pursuant to 18 U.S.C.1952. Plaintiffs are entitled to treble damages for business

9  and property losses.

10      27.    As a direct, foreseeable and proximate result of Defendants' pattern of

11  racketeering activity Plaintiffs have incurred and will continue to incur costs and attorney's

12  fees.

13

14                              **PRAYER FOR RELIEF**

15

16  **THEREFORE, PLAINTIFFS PRAY AS FOLLOWS:**

17  1.    For judgment against all defendants;

18  2.    For treble damages to property and business;

19  3.    For Costs and Attorneys Fees;

20  4.    For all other damages the court deems just and proper and

21  5.    For all other relief the court deems just and proper.

22  Dated: September 13, 2007

23                              _____

24                              Edith J. Benay
                                Attorney for Plaintiffs
25

26

27  AMENDED COMPLAINT  FOR VIOLATION
    OF RACKETEERING INFLUENCED
28  AND CORRUPT ORGANIZATION ACT              13

## JURY TRIAL DEMAND

Plaintiffs demand, pursuant to Rule 38(b) of the Federal rules of Civil Procedure, a trial by jury of all issues properly triable to a jury.

Dated: September 13, 2007

_____

Edith J. Benay,
Attorney for Plaintiffs

AMENDED COMPLAINT  FOR VIOLATION
OF  RACKETEERING INFLUENCED
AND CORRUPT ORGANIZATION ACT                    14