1   Edith J. Benay, S.B.N. 98747
    Law Office of Edith J. Benay
2   345 Franklin Street
    San Francisco, CA 94102
3   Telephone:    (415) 241-7286
    Facsimile:    (415) 252-8048
4
    Attorney for Plaintiffs
5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12
    JUDITH CHOW and SCOTT WILLIAMS        )      Case No.C 07 4478 CW
13                                        )
            Plaintiffs                    )      **PLAINTIFFS MEMORANDUM**
14                                        )      **OF  POINTS AND**
    v.                                    )      **AUTHORITIES IN OPPOSITION**
15                                        )      **TO DEFENDANTS' MOTION**
                                          )      **TO DISMISS AND MOTION**
16  JUDY JOHNSON, ROBERT HAWLEY,          )      **TO STRIKE**
    ELYSE COTANT, STARR BABCOCK           )      **[FRCP 12(b)(6), 12(f)]**
17  and PEGGY VAN HORN                    )
                                          )
18          Defendants                    )
                                          )
19  _____)

20

21

22

23

24

25

26

27

28
    PLAINTIFFS OPPOSITION TO
    DEFENDANTS MOTION TO DISMISS

1

**TABLE OF CONTENTS**

2

3    I.    INTRODUCTION AND SUMMARY OF ARGUMENT............................................................1

4

5    _____ A. Plaintiffs' RICO Claims....................................................................................**1**

6

7    _____ B. The Racketeering Influenced and Corrupt Organizations Act (RICO)..........................**4**

8

9    _____ C. Procedural History ...........................................................................................**7**

10   .

11   _____ D. Federal Rules Of Civil Procedure Rules 12(b)(6) and 12(f)...................................**10**

12

13   E. There Is No Heightened Pleading Standard For RICO Claims Other Than The
     Rule 9(b) Heightened Pleading Standard For Fraud .........................................................**10**

14

15   II.   **LEGAL  ARGUMENT**...........................................................................................**11**

16

17   `A. Plaintiffs' Claims For Civil RICO Violations Are Sufficient
     As A Matter of Law.......................................................................................**11**

18

19   1. Plaintiffs Have Sufficiently Alleged The Predicate Act of Extortion................**11**

20

21   a. The Supreme Court's Recent Decision In *Wilke v. Robbins*
     Is Distinguishable And Does Not Mandate Dismissal Of

22   _____ Plaintiffs' Allegations of Extortion In Violation Of
     18 U.S.C. 1951.................................................................................**12**

23

24   B. Plaintiffs Have Stated Facts Sufficient To Meet The Standing
     And Proximate Cause Requirements For RICO..........................................................**14**

25

26   1. RICO Does Not Require That Injuries Be Caused By Each
     Of The Predicate Acts In The Pattern Of Racketeering Activity......................**15**

27

28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

a. Plaintiffs Allegations of Injury To Business Or
Property Meet The Requirements For Standing
And Proximate Cause..................................................................16

2. Plaintiffs Have Pled Sufficient Facts to
State a Predicate Act of Witness Tampering....................................20

a. Plaintiffs Have Adequately Pled Federal
Nexus For Purposes Of Witness Tampering..............................21

C.  Defendants Are Not Protected By Qualified Immunity.................................23

**III.    CONCLUSION**.......................................................................................**25**

1

## TABLE OF AUTHORITIES

2 **Cases**                                                                   **Page**

3 *Anza v. Ideal Steel Supply Corp,*
4 ____U.S. _____, 126 S.Ct. 1999 (2006)................................................10, 18

*Astech-Marmon v. Lenoci, Jr.,*
5 349 F.Supp.2d 265  (D. Conn. 2004)................................................17

6 *Berg v. First State Ins. Co.,*
915 F.2d 460 (9th Cir. 1990).......................................................17, 18
7

8 *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99 (1957).....................................9

*Diaz v. Gates,* 420 F.3d 897, *Cert. Denied , Parks v. Diaz,*
9 546 U.S. 1131, 126 S.Ct. 1069,  (2006).....................................1, 16, 17, 18, 22

10

11 *Gilmor v. Thomas ,* 490 F.3d 791, (10th Cir. 2007.....................................15

12 *Green Leaf Nursery v. E.I. DuPont DeNemours & Co.,*
13 341 F.3d 1292, (11th Cir.2003)*,*
*cert.denied,* 541 U.S. 1037, 124 S.Ct. 2094 (2004)..............................5, 6, 15
14

15 *Harlow v. Fitzgerald,*
16 457 U.S. 800, 102 S.Ct. 2727 (1982)................................................23

17 *Hishon v. King & Spalding,*
18 467 U.S. 69, 104 S.Ct. 2229,2232, 81 L.Ed.2d 59 (1984)..............................19

19 *H.J. Inc. V. Northwestern Bell,*
20 492 U.S. 229,  109 S.Ct. 2893 (1989).................................................4

21
*Hydrick v. Hunter,*
22 500 F.3d 978 (9thCir. 2007).......................................................23, 25

23
*Impress Communications v. Unumprovident Corp.,*
24 335 F.Supp.2d 1053 (C.D. Cal. 2003)................................................17, 18
25

26 *Keller v. State Bar of California ,*
496 U.S. 1, 110 S.Ct. 2228 (1990)................................................11, 13, 14
27

28 PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

*Lujan v. Defenders of Wildlife*,
      504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351  (1992).......................................19

*Mendoza v. Zirkle Fruit Co.*,
      301 F.3d 1163, (9th Cir. 2002)...........................................1, 3, 6, 16, 17, 18, 19, 24

*Mohawk Industries, Inc. V. Williams*,
      126 S.Ct. 2016 (2006)..............................................................................18

*National Organization For Women, Inc. et al. v. Scheidler et al.* ,
      510 U.S. 249, 114 S.Ct. 798 (1994)...............................................19

*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n* ,
      298 F.3d 768, (9thCir. 2002)..............................................................................6

*Oscar v. University Students Co-Operative Ass'n.*,
      965 F.2d 783, (9th Cir. 1992)(en banc).........................................16

*Rothman v. Vedder Park Management*,
      912 F.2d 315 (9th Cir. 1990)..............................................................24

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
      806 F.2d 1393 (9th Cir. 1986)..............................................................16

Sedima *v. Imrex Company, Inc., et al.* ,
      473 U.S 479 , 105 S.Ct. 3275 (1985).........................................4, 5, 15

*Thompson v. Davis*,
      295 F.3d 890  (9th Cir. 2002)..............................................................10

*U.S. v. Green*,
      350 U.S. 415, 76 S.Ct. 522 (1956)..............................................................13

*United States v.Harris*,
      498 F.3d 278, (4th Cir. 2007)............................................6, 20, 21

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

*United States v. Khatami*,
  280 F.3d 907 (9th Cir. 2002)........................................................22, 24

*United States v. Perry*,
  335 F.3d 316 (4th Cir. 2003)........................................................20, 24

*United States v. Rone*,
  598 F.2d 564, (1977).....................................................................23

*Wilke v. Robbins*,
  ___U.S. ___, 127 S.Ct. 2588, (2007)........................................12, 13, 14

*Williams  v. Mohawk Industries, Inc.*,
  465 F.3d 1277,
  *cert. denied,* 127 S.Ct. 1381, ( 2007).......................................15, 18

*Williams v. Mohawk Industries Inc.*,
  411 F.3d 1222 (11th Cir. 2005)...................................................5, 18

**Statutes**

**Federal Statutes**

18 United States Code
  section 1341..............................................................................2, 4, 23

18 United States Code
  section 1343..............................................................................2, 4, 23

18 United States Code
  section 1512..............................................................3, 4, 14, 19, 20, 24

18 United States Code
  section 1512(d)................................................................................19

18 United States Code
  section 1512(f).........................................................................7, 21, 24

18 United States Code
  section 1512(g)........................................................................7, 21, 24

18 United States Code

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

1

section 1515(a)(1)..............................................................................6

2

18 United States Code
    section 1515(a)(4)...........................................................................6

3

4

18 United States Code
    section 1951.............................................................................2, 11

5

18 United States Code
    section 1951(b)(2).........................................................................24

6

7

18 United States Code
    section 1961.........................................................................1, 2, 23

8

9

18 United States Code
    section 1961(1)...............................................................................4

10

18 United States Code
    section 1961(1)(b)...........................................................................4

11

18 United States Code
    section 1961(5) ...............................................................................4

12

13

18 United States Code
    section 1962(C)...........................................................................3, 4

14

15

18 United States Code
    section 1964(c)...........................................................................5, 9

16

17

Fed.R.Civ.Pro.9(b)...........................................................................10

Fed.R.Civ.Pro.12(b)(6) .......................................................................9

18

19

**State Statutes**

20

California Labor Code
    section 1102.5.......................................................................7, 8, 9

21

22

California Government Code
    Section 910...................................................................................7

23

24

25

26

27

28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs JUDITH CHOW and SCOTT WILLIAMS filed this action for violations of the Racketeering Influenced and Corrupt Organizations Act (RICO) in August, 2007 and filed an Amended Complaint on September 13, 2007. Plaintiffs allege that Defendants engaged in a pattern of racketeering activity consisting of years of mail fraud, wire fraud, extortion and witness tampering designed to prevent disclosure of those federal violations to outside authorities. The mail fraud, wire fraud, extortion and witness tampering constitute "predicate acts," and together they create a pattern of racketeering activity pursuant to 18 U.S.C. 1961(1)(B) and (5).

Defendants make several arguments for dismissal of this action without leave to amend. However, they support their arguments with inapposite case law and mis-statements of Plaintiffs' allegations and they have failed to address key Ninth Circuit decisions. In *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168-1169 (9th Cir. 2002) and *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005), *Cert. Denied*, *Parks v. Diaz*, 546 U.S. 1131, 126 S.Ct. 1069, (2006), the Ninth Circuit established that wage loss and loss of employment opportunities, proximately caused by "schemes prohibited by the RICO predicate statutes" confer standing and the opportunity to prove monetary damages in the RICO context. Some of Defendants' key arguments are contradicted by these two decisions.

## A. Plaintiffs' RICO Claims

Plaintiffs JUDITH CHOW and SCOTT WILLIAMS are billing technicians at the State Bar of California (State Bar). JUDITH CHOW has been a billing technician since 1998 although she has been employed at the State Bar for over twenty years. SCOTT WILLIAMS has been a billing technician since 2000, although he has been employed at the State Bar for over 15 years.

1
2   Since 2002 Plaintiffs have been reporting, internally, that certain practices, primarily in
3   the Member Billing Department, have caused State Bar members to make overpayments, which
4   are not refunded, or posted as an ascertainable credit to the member's account. Instead, the
5   overpayments are commingled with the State Bar's own funds or donated to non-profit
6   organizations associated with the State Bar. Plaintiffs have also reported that payments intended
7   for one purpose are sometime diverted to another purpose. (Cabrera Decl., Exh. C, FAC ¶¶ 21-
8   23).
9

10   This conduct involves use of mail or internet billing statements as well as mail or credit
11   card payments, violating federal statutes against mail and wire fraud by "...devising schemes or
12   artifices with the specific intent of using the United States mails or wires for obtaining money by
13   means of false or fraudulent pretenses, and for the purpose of executing such schemes or artifices
14   or attempting to do so." 18 U.S.C. 1341 and 1343.
15

16   Because members can lose their right to practice if they are suspended or disciplined by
17   the State Bar, using billing statements from the State Bar makes this conduct a violation of the
18   federal extortion statute, the "... obtaining of property from another, with his consent, induced by
19   a wrongful use of fear or under color of official right, in violation of 18 U.S.C. 1951. Violations
20   of these federal statutes prohibiting mail fraud, wire fraud and extortion constitute predicate acts
21   under RICO, 18 U.S.C. 1961(1)(B).
22
23
24   Neither Plaintiff has been terminated from employment at the State Bar but Defendants
25   have intimidated, harassed, misled and corruptly persuaded them in order to prevent Plaintiffs
26   from reporting Defendants' federal violations to outside authorities. Defendants have also
27
28
PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS
2

corruptly persuaded other possible witnesses in order to prevent them from reporting this conduct. (Cabrera Decl., Exh. C, FAC ¶19).  That violates the Federal witness tampering statute, 18 U.S.C. 1512.

Defendants' witness tampering has wrongfully caused Plaintiffs to be denied promotions with higher wages and benefits, making Defendants' witness tampering the proximate cause of injury to Plaintiffs' business and property.  *Mendoza v. Zirkle Fruit Co.*, *supra*, at 1168-1169 (Employees have a " legal entitlement to business relations unhampered by schemes prohibited by the RICO statutes " even if the employee does not have a contractual right to those wages.)

The First Amended Complaint names five Directors or former Directors -  ROBERT HAWLEY, ELYSE COTANT, STARR  BABCOCK, PEGGY  VAN HORN and JUDY JOHNSON -  who, while acting in their individual capacities,  have participated directly or indirectly in conducting  the affairs of the State Bar enterprise  through a pattern of racketeering activity  in violation of 18 U.S.C. 1962©)  and have associated in fact as an enterprise affecting interstate commerce with a common or shared purpose.   That purpose is  to increase the State Bar's General Fund and to increase contributions to the Conference of Delegates and the State Bar Foundation, also known as the Cal Bar Foundation, through a pattern of racketeering activity and to prevent Plaintiffs from reporting that pattern of racketeering activity to outside authorities, which would threaten the continuity of that pattern of racketeering activities.   Plaintiffs allege, at ¶ 18 of their complaint, that this common or shared purpose is to Defendants' benefit.

**B. The Racketeering Influenced and Corrupt Organizations Act (RICO)**

A civil action for RICO violations requires allegations of  "(1) conduct (2) of an

enterprise (3)through a pattern (4) of racketeering activity."[1] *Sedima v. Imrex Company, Inc., et al.* , 473 U.S. at 496, 105 S.Ct. 3275 (1985).    18 U.S.C. 1961(5)  defines  "pattern of racketeering activity"   and 18 U.S.C. 1961(1) identifies the  "predicate acts" that may constitute a pattern of racketeering activity.    Mail and Wire fraud, 18 U.S.C. 1341 and 18 U.S.C. 1343,  Extortion, 18 U.S.C. 1951 and Witness Tampering, 18 U.S.C. 1512, the allegations in this action,   are among the predicate acts identified in 18 U.S.C. 1961(1)(B).

The Amended Complaint alleges a violation of 18 U.S.C. 1962© which says, in relevant part,  "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." (Cabrera Decl., Exh. C, FAC ¶ 17).  The Amended Complaint also alleges a conspiracy to violate 1962©), which is a violation of 1962(d).(Cabrera Decl., Exh. C, FAC ¶ 20)

The commission of at least two predicate acts constitutes a pattern of racketeering activity as defined at 18 U.S.C. 1961(5).  The existence of a  "pattern of racketeering activity" requires a case specific analysis of the facts, emphasizing analysis of  the relationship and the continuity of the predicate acts. *H.J. Inc. V. Northwestern Bell*, 492 U.S. 229,  240-241, 109 S.Ct. 2893 (1989).

"Continuity"  refers to whether the predicate acts pose a threat of continuing racketeering activity, either as a closed period of repeated conduct or as past conduct that projects into the future with a threat of repetition.  *Id* at 240 - 241.

---

[1]Defendants' have not moved to dismiss or strike on the basis of Plaintiffs' allegations of an enterprise.

"Relationship" refers to the predicate acts which form the pattern of racketeering activity having the same or similar purposes, results, participants, victims, **or** methods of commission, **or** be otherwise interrelated by distinguishing characteristics. *Sedima v. Imrex Company, Inc., et al.* 473 U.S. 479, 496 n.14, 105 S.Ct. 3275 (1985).

In this action, Plaintiffs have alleged four different predicate acts - mail fraud, wire fraud, extortion and witness tampering - repeated over a period of several years, all having the same or similar purpose and results - to increase the State Bar's General Fund and to increase contributions to the non-profit corporations for which the State Bar solicits donations. The witness tampering is for the purpose of protecting these federal violations from disclosure to outside authorities. (Cabrera Decl., Exh. C, FAC ¶¶ 21, 22 and 23). These four predicate acts also have the same participants - Defendants - although they do not all have the same victims. Because this pattern has gone on for several years it poses a threat of continuing racketeering activity

18 U.S.C. 1964 ( c) limits damages in a civil RICO action to injury to business or property "by reason of" RICO's substantive provisions. The "by reason of" means that the injury must be proximately caused by at least one of the predicate acts in the pattern of racketeering activity. *See, e.g., Williams v. Mohawk Industries, Inc*., 465 F.3d 1277, 1287, *cert. denied,* 127 S.Ct. 1381, ( 2007) ("[O]ne or more of the predicate acts [in a RICO claim] must not only be the 'but for'cause of the injury, but the proximate cause as well."); *Green Leaf Nursery v. E.I. DuPont DeNemours & Co.,* 341 F.3d 1292, 1307 (11th Cir.2003)*, cert.denied,* 541 U.S. 1037, 124 S.Ct. 2094 (2004) ("In order for a pattern of racketeering activity to be a cognizable cause of civil RICO

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

5

injury to a private plaintiff, one or more of the predicate acts must not only be the "but for" cause of the injury, but the proximate cause as well.").

A wrongful act is a proximate cause of the injury if it is a "substantial factor in the sequence of responsible causation." *Greenleaf, supra*, 341 F.3d at 1307. "A Proximate cause is not the same thing as the sole cause. [citations omitted].  Instead, the proximate cause of an injury is 'a substantial factor in the sequence of responsible causation. 'Some direct relationship' between the injury asserted and the injurious conduct is necessary [citation omitted]." *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n* , 298 F.3d 768, 773 (9thCir. 2002).

The Ninth Circuit Court of Appeals has defined "injury" to "business or property"  as including the right to business relations  "...unhampered by schemes prohibited by the RICO predicate statutes."  It includes loss of higher wages even if the plaintiff does not have a contractual right to those wages.  *Mendoza v. Zirkle Fruit Co.*, *supra*, 301 F.3d at 1168-1169. Plaintiffs allege that Defendants' violations of 18 U.S.C. 1512, Witness Tampering, which  were intended to prevent them from reporting Defendants'  federal violations to outside authorities, wrongfully  caused Plaintiffs to lose promotions within the State Bar and proximately caused them to lose higher wages and benefits.(Cabrera Decl., Exh. C, FAC ¶¶ 23 and 24).

The federal Witness Tampering statute, 18 U.S.C. 1512, makes frequent reference to "law enforcement" and to "official proceedings"  which are defined at 18 U.S.C. 1515 (a)(1) and (4) as *federal*  proceedings and federal law enforcement.   However, whether or not Defendants were conscious of the fact that their tampering prevented witnesses from reporting to *federal* authorities is irrelevant. *United States v.Harris*, 498 F.3d 278, 286 (4th Cir. 2007) ("So long as the

1  information the defendant seeks to suppress actually relates to the commission or possible

2  commission of a federal offense, the federal nexus requirement is established.")   An "official

3  proceeding" need not be pending or about to be instituted at the time of the offense and no state of

4

5  mind need be proved with respect to the official proceeding being federal.  18 U.S.C. 1512(f),(g).

6       Defendants assert that Plaintiffs have brought this RICO claim without evidence.

7

8  Defendants know better but in addition, it is irrelevant to a Rule 12 motion to dismiss or to strike.

9  **C. PROCEDURAL HISTORY**

10

11       On April 24, 2006 Plaintiffs filed a lawsuit in San Francisco Superior Court against the

12  State Bar of California, (State Bar)  for violations of Labor Code § 1102.5, retaliation for whistle

13  blowing.  Plaintiffs amended that complaint two more times for the purpose of adding additional

14
   facts regarding additional retaliatory conduct and exhaustion of procedural requirements under
15
   California Government Code Section 910,  the Government Tort Claims Act.    The State Bar is
16
17  the only defendant in that action.

18       In July, 2006  Plaintiff JUDITH CHOW also added  a claim under the Fair Employment

19

20  and Housing Act (FEHA) for retaliation because she successfully sued the State Bar for gender

21  discrimination and for retaliation because of her complaints of retaliation.     The State Bar and

22  four  State Bar Directors  were named as defendants in the FEHA claim.

23

24       Defendants incorrectly state that most of the same Defendants in this action are named in

25  the state action for whistle blowing. (Defs. MPA p.2:24-25).  In fact, none of them are.  The only

26  Defendant named in that claim is the State Bar.  The individual defendants are named only in

27

28

1   Plaintiff CHOW's FEHA claim. (Cabrera Decl., Exh. B.)

2       Plaintiffs filed this RICO action in United States District Court for the Northern District of
3
4   California in August, 2007 and amended it on September 13, 2007. [2]   The State Bar has not been
5   named as a defendant in this RICO action.[3]  Four State Bar Directors and one former Director
6
    have been named as Defendants in this action, in their personal capacities.
7
8       The issues raised by this RICO action and by the state action for retaliation for whistle
9   blowing in violation of Labor Code section 1102.5 are very different.   The *prima facie* case in a
10
11  civil RICO action requires evidence that  Defendants certain federal statutes whereas in a whistle
12  blowing case under Labor Code § 1102.5 the *prima facie* case is based on the Plaintiffs' good
13  faith belief that  laws or regulations were being violated.   The *prima facie* case does not require
14  evidence that the defendant have violated the law as long as it is the defendant who retaliates.
15
16      Retaliation is not an issue under RICO.  Plaintiffs injury to business or property must be
17  proximately caused by at least one predicate act and retaliation is not a predicate act.   Witness
18  tampering, however, is a predicate act and Plaintiffs will have to prove, by direct or circumstantial
19
20      [2]. Contrary to Defendants' assertion at p.3:25-26 of their MPA, Defendants did not
21  demand that Plaintiffs dismiss the instant lawsuit.
22
23      [3]. It has no relevance to this motion but Defendants assert that this action was filed about
    two weeks before mediation on the section 1102.5 claims.  This RICO action did not come as a
24  surprise to Defendants, counsel for the parties had been discussing it and exchanging
    correspondence about it for weeks, ever since Plaintiffs became convinced that Defendants acted
25  intentionally.     Nevertheless, when the RICO action was filed, Defendants canceled a scheduled
    mediation.   Defendants incorrectly refer to the mediation as court ordered mediation but it was
26  not.  That is why Defendants were able to unilaterally cancel it and inform plaintiffs of the
    cancellation after the fact.
27

28  PLAINTIFFS OPPOSITION TO
    DEFENDANTS MOTION TO DISMISS
                                          8

1  evidence, that Defendants wrongfully prevented them from getting promotions as part of the

2  intimidation, harassment, and misleading of Plaintiffs and as part of the corrupt persuasion of

3  Plaintiffs and other potential witnesses.  In addition, the statutes of limitations are different in the

4  two actions and the four year statute of limitations under RICO covers injuries that are not

5  included in the state court action.

6

7       Damages under the two actions are also substantially different.   As whistle blowers,

8  Plaintiffs may recover emotional distress and other personal injury damages that cannot be

9  recovered in a RICO action.  Both RICO and Labor Code section 1102.5 permit recovery of lost

10  wages but under RICO, while Plaintiffs may recover only for injury to business and property

11  interests  they may recover treble damages,  18 U.S.C. 1964©).

12

13       Contrary to Defendants' assertions, calculating RICO damages after a damage award

14  under Labor Code § 1102.5 does not require complicated formulae and Defendants have made no

15  effort to demonstrate why it would.   The amount awarded for lost wages due to retaliation for

16  whistle blowing can be factored into an award of damages under RICO.  Emotional

17  distress/personal injury damages for retaliation for whistle blowing would be irrelevant.

18

19       Defendants' Memorandum of Points and Authorities  makes frequent references to the

20  fact that Plaintiffs' state action for Retaliation for Whistle Blowing,  Labor Code § 1102.5,  is

21  based on some of the same facts.   Defendants, however, have been unable to cite to a single

22  authority defining the existence of a "related case" in a different forum,  alleging different kinds

23  of  violations, as the basis for dismissal of a civil RICO action

24

25

26

27

28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS
9

1

2

3

**D. Federal Rule Of Civil Procedure Rules 12(b)(6) and 12(f)**

Dismissal of a claim under Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). In reviewing a motion to dismiss under Rule 12(b)(6),the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis,* 295 F.3d 890,895 (9th Cir. 2002). *See also*, *Anza v. Ideal Steel Supply Corp,* ____U.S. _____, 126 S.Ct. 1999 (2006) (" Because this case arises from a motion to dismiss, we accept as true the factual allegations in the amended complaint.)

Defendants' motion is also brought under Fed. R. Civ. Pro. 12(f) by which a court may strike any redundant, immaterial, impertinent or scandalous matter. Defendants' have not identified any such matter in Plaintiffs' Second Amended Complaint.

**E. There Is No Heightened Pleading Standard For RICO Claims**
**Other Than The Rule 9(b) Heightened Pleading Standard For Fraud**

Defendants assert that RICO claims are subject to a "heightened pleading standard" but cite no support for that theory. Predicate acts based on fraud, such as mail fraud or wire fraud, are held to the heightened standard set forth in Fed. R.Civ. Pro. Rule 9(b) which applies to all fraud claims but Defendants cite no authority for a heightened pleading standard for any other kind of RICO claims. All of the cases cited by Defendants hold that that conclusory allegations are insufficient, but that is the normal pleading standard for all federal claims.

Furthermore, Plaintiffs'allegations of extortion and witness tampering are specific enough to meet the standard under Fed. R. Civ. Pro. Rule 9(b).

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

10

II.

**LEGAL  ARGUMENT**

**A. Plaintiffs' Claims For Civil RICO**
**Violations Are Sufficient As A Matter of Law**

   **1. Plaintiffs Have Sufficiently Alleged The Predicate Act of Extortion**

     Extortion, for purposes of RICO and as alleged in Plaintiffs' Amended Complaint,  is

based on obtaining property of another, with his consent, induced by wrongful use of ...fear....or

under color of official right. 18 U.S.C. §1951.

     Every lawyer in the State of California is required to belong to the State Bar and pay dues

or  inactive fees.  Paying for membership in the State Bar is comparable to a requirement for a

license to work and attorneys who fail or refuse to belong to the State Bar are not permitted to

practice law in California.  *Keller v. State Bar of California* , 496 U.S. 1, 5, 110 S.Ct. 2228

(1990).

     In this case, Plaintiffs allege that Defendants are acting as an associated in fact enterprise

with  a common or shared purpose to increase the State Bar's General Fund and to increase

contributions to the Conference of Delegates and the State Bar Foundation, also known as the Cal

Bar Foundation.   Plaintiffs also allege that  this common or shared purpose is to Defendants'

benefit. (FAC ¶18).

     Plaintiffs  allege that in  violation of 18 U.S.C. 1951,  using wrongful fear of suspension or

expulsion from the organization for non-payment of  fees, penalties and/or dues and acting  under

color of official right,  Defendants have extorted money from members for use by the State Bar

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

11

and for use by the non-profit corporations for which the State Bar solicits donations. (Cabrera

Decl., Exh. C, FAC ¶ 22). Defendants use the State Bar billing statements cause members to

overpay their fees, dues and penalties by sending out billing statements that inflate the amount

owed (¶¶ 22(a),(h),(j),(k)); misrepresent the use to which the payment will be put (¶¶22(b),(g)(I));

make unauthorized contributions to non-profit corporations for which the State Bar solicits

donations (¶¶22 (c)(d)); and retain and use overpayments instead of refunding the overpayments

or crediting them to the member's account (¶¶22 (e)(f)).

### a. The Supreme Court's Recent Decision In *Wilke v. Robbins* Is Distinguishable And Does Not Mandate Dismissal Of Plaintiffs' Allegations of Extortion In Violation Of 18 U.S.C. 1951

Defendants move to dismiss or strike Plaintiffs' allegations of extortion as a predicate act

in Defendants' pattern of racketeering activity, on the ground that the Supreme Court's recent

decision, *Wilke v. Robbins*, ___U.S. ___, 127 S.Ct. 2588, (2007) mandates dismissal. In *Wilkie*,

the Court held that when the National Government is the intended beneficiary of the allegedly

extortionate acts, the Hobbes Act [18 U.S.C. 1951] does not apply. *Id*. at 2605. Defendants

contend that extortion intended to benefit the State Bar does not state a violation of the Hobbes

Act because the State Bar is a government agency.

Obviously, however, that argument does apply to extortion intended to benefit the

Conference of Delegates or the State Bar Foundation/Cal Bar Foundation because they are not

part of the State Bar and are not government agencies. Nor can that argument apply to extortion

which is intended to benefit Defendants.(Cabrera Decl., Exh. C, FAC ¶¶ 18, 22(d)).

1    Furthermore, *Wilkie*, can be distinguished from this case in several ways. **First**, the

2  *Wilkie* holding is limited to situations in which the **National Government** is the beneficiary of

3
4  extortion. The California State Bar is clearly not part of the National Government.

5      **Second**, there are situations, related to improper use of member funds, in which the United

6  States Supreme Court does not find the State Bar of California to be a government agency of *any*

7  *kind*. In 1990 the Supreme Court decided *Keller v. State Bar*, 496 U.S. 1, 5, 110 S.Ct. 2228

8
9  (1990) in which the Supreme Court found the California State Bar to be "...a good deal different

10 from most other entities that would be regarded in common parlance as 'government agencies.' "

11 *Id.* at 11. The Court noted that the State Bar's principal funding comes not from legislative

12
13 appropriations but from dues levied on its members by the board of governors and that it was not

14 created to participate in the general government of the state, but to provide specialized

15 professional advice to those with the ultimate responsibility of governing the legal profession. *Id.*

16 at 11

17        "We think that these differences between the State Bar on the one hand and traditional
18     government agencies and officials, on the other hand, render unavailing respondent's
       argument that it is not subject to the same constitutional rule with respect to the use of
19     compulsory dues as are labor unions representing public and private employees." *id* at 13.

20

21 In *Wilkie* the Court put special emphasis on the relationship between the National Government and

22 the public. *Wilkie, supra*, at 2607.   By contrast, the State Bar does not represent the public the way

23
24 a traditional government agency would. *Keller v. State Bar of California, supra*, at 13.

25     **Third**, in *U.S. v. Green,* 350 U.S. 415, 76 S.Ct. 522 (1956), which was not reversed by

26 *Wilkie*, the Supreme Court held that the focus of the Hobbs Act was not about who gets the

27

28
PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS
13

1    direct benefit of the extortion, "Since in our view the legislation is directed at the protection of

2    interstate commerce against injury from extortion." *id,* at p.420-421.  Extortion from members of

3    the California State Bar can and does include extortion from attorneys who practice outside of the

4    State.  Extortion from State Bar members impacts interstate commerce.

5

6    **Fourth**, the *Wilkie* decision was based on the Court's conclusion that

7    "drawing a line between private and public beneficiaries prevents suits (not just recoveries)
     against public officers whose jobs are to obtain property owed to the Government... It is not

8    just final judgments, but the fear of criminal charges or civil claims for treble damages that
     could well take the starch out of regulators who are supposed to bargain and press demands

9    vigorously on behalf of the Government and the public. (emphasis added) *Id*. at 2607.

10

11   In this case, however, Plaintiffs allegations of extortion include situations in which  Defendants

12   have been extorting funds to which they have no colorable right. (¶¶22 (a) - (k)).

13

14   Defendants' entire argument for dismissal of Plaintiffs' claims of extortion consists of a

15   citation to the Supreme Court's decision in *Wilkie v. Robbins, id.*  (MPA p.9:8).   Clearly, that is

16   not enough to compel dismissal of Plaintiffs' extortion claim as a matter of law. As set forth above,

17   there are too many variables which distinguish Plaintiffs claims from those in *Wilkie* and

18   defendants have not addressed any of them.

19

20   **B. Plaintiffs Have Stated Facts**
     **Sufficient To Meet The Standing**

21   **And Proximate Cause Requirements For RICO**

22

23       **1. RICO Does Not Require That Injuries Be Caused By Each**
         **Of The Predicate Acts In The Pattern Of Racketeering Activity**

24

25   Defendants do not move to dismiss Plaintiffs' mail and wire fraud claims on the ground

26   that these claims are not adequately pled.   Instead, they argue that mail and wire fraud have not

27

28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS
                                        14

1  proximately caused injury to Plaintiffs' business or property interests.

2      Plaintiffs, however, do not allege that the predicate acts of mail fraud, wire fraud or

3

4  extortion, have proximately caused injuries to their business and property rights. Mail and wire

5  fraud and extortion are predicate acts in Defendants' pattern of racketeering activity but the

6  predicate acts that proximately caused injuries to Plaintiffs' business and property interests are

7
   witness tampering in violation of 18 U.S.C. 1512.
8
9      Defendants' argument is premised on the incorrect and unsupported assumption that every

10  predicate act in a pattern of racketeering activity must proximately cause injury to the Plaintiff's

11  business or property interests.

12      That premise is contradicted by the Supreme Court's decision in *Sedima v. Imrex*

13
   *Company, Inc., et al. Supra,* 473 U.S. at 496 n.14 in which the Supreme Court made clear that the
14
15  predicate acts which form a pattern of racketeering activity, need not all have the same victims.

16  "For predicate acts to form a 'pattern of racketeering activity' under RICO they must have the

17
   same or similar purposes, results, participants, victims, or methods of commission or be otherwise
18
19  interrelated by distinguishing characteristics."

20      A number of other courts expressly stated that in a civil RICO action one or more of the

21  predicate acts in the pattern of racketeering activity must be the proximate cause of the injury. *See*

22
   *e.g.*, *Williams v. Mohawk Industries,* 465 F.3d 1277, 1287, *cert. denied* 127 S.Ct. 1381, ( 2007)
23
24  ("[O]ne or more of the predicate acts [in a RICO claim] must not only be the 'but for'cause of the

25  injury, but the proximate cause as well."); *Green Leaf Nursery v. E.I. DuPont DeNemours & Co.,*

26  341 F.3d 1292, 1307 (11th Cir.2003)*, cert.denied,* 541 U.S. 1037, 124 S.Ct. 2094 (2004) ("In order

27

28
   PLAINTIFFS OPPOSITION TO
   DEFENDANTS MOTION TO DISMISS
                                            15

for a pattern of racketeering activity to be a cognizable cause of civil RICO injury to a private

plaintiff, one or more of the predicate acts must not only be the 'but for' cause of the injury, but the

proximate cause as well [citation omitted])  *Gilmor v. Thomas* , 490 F.3d 791,796 (10th Cir. 2007

(plaintiffs have standing to sue because they allege that several of the predicate acts in the pattern

of racketeering activity were directed toward them, although some of the victims of some of the

predicate acts were not parties to the action.)

      Defendants' violations of 18 U.S.C. 1512, the Federal witness tampering statute,

wrongfully caused Plaintiffs to lose promotions and proximately caused them to lose the higher

wages and benefits they would have earned from those promotions.   Plaintiffs have "a legal

entitlement to business relations  unhampered by schemes prohibited by the RICO predicate

statutes."  *Mendoza v. Zirkle Fruit Co.*, *supra*, 301 F.3d at 1168-1169.

      **a. Plaintiffs Allegations of  Injury To Business Or Property**
        **Meet The Requirements For Standing And Proximate Cause**

      Defendants' motion argues  the wrong standard for injury to business and property in the

context of a civil RICO action.

      Defendants do address cite either  *Mendoza v. Zirkle, supra,  or Diaz v. Gates*, *supra*.  In

which the Ninth Circuit held that allegations of  wage loss,  proximately caused by the defendant's

predicate acts constitutes  injury to business or property and confers standing on the plaintiff, in the

RICO context.  In *Mendoza* the wage loss was proximately caused by the employer hiring illegal

workers which depressed wages to all workers.   This wage loss was treated as injury to business or

property despite the fact that there was no promise or contractual right to higher wages. *Id*. at 1168

FN 4.  At the pleading stage, the Ninth Circuit did not consider these damages as too speculative and held that the plaintiffs should have the opportunity to present evidence as to the amount of wage loss they suffered. *Id*. at 1171.

In *Diaz* the wage loss was proximately caused by the defendants' wrongful incarceration of the plaintiff, which prevented him from looking for work. *Id*. at 900.  The Ninth Circuit held that this was injury to business or property and conferred standing on Diaz regardless of whether  loss of employment opportunities was a direct target of the pattern of racketeering activity.  *Id*. at 900

Instead, Defendants,  rely on the Ninth Circuit's 1992 decision in *Oscar v. University Students Co-Operative Ass'n.,* 965 F.2d 783, 785 (9th Cir. 1992)(en banc) to argue that Plaintiffs injury to business or property is not sufficiently concrete to meet RICO requirements.  However, *Oscar*  has been clarified and limited by the decisions in *Mendoza* and *Diaz*

> "Intervening case law which the [*Diaz*] district judge obviously did not have access to, has clarified the *Oscar* standard.  A month after the district judge dismissed Diaz's complaint, we decided *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163 (9th Cir.2002), where a class of agricultural laborers alleged that their employers had depressed their wages by illegally hiring undocumented workers at below-market wages. The agricultural workers could not "show a 'property right' in the lost wages, by showing that they were promised or contracted for higher wages.  But they did allege an injury to a property interest, the 'legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate statutes.' [citation omitted].We held this property interest sufficient to provide standing under RICO." *Diaz, supra,*  at 888

This Court and these Defendants have the benefit of both the *Mendoza* and *Diaz* decisions. Defendants' witness tampering wrongfully interfered with Plaintiffs' promotions and proximately caused them to lose higher wages and benefits, injury to their  property interest in "the legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS
                                                17

1    statues."

2        Defendants' reliance on ,  *Astech-Marmon v. Lenoci, Jr.*, 349 F.Supp.2d 265, 270 (D.

3    Conn. 2004) is misplaced because in that case the Connecticut district court cited the Ninth

4

5    Circuit's decision in *Mendoza* v.*Zirkle* and held that there is a difference between uncertainty as to

6    the existence of damages and uncertainty as to the amount of the damages.  "Thus, the court finds

7    that Astech-Marmon should have the opportunity to discover evidence showing that it would have

8    been awarded these contracts and reaped profits if Defendants had not subverted the municipal

9

10   bidding process." *Id.* at p.271.

11       Defendants' reliance on *Berg v. First State Ins. Co.*, 915 F.2d 460, 463-464 (9th Cir. 1990)

12   and  *Impress Communications v. Unumprovident Corp.*, 335 F.Supp.2d 1053, 1062-63 (C.D. Cal.

13   2003) is also misplaced   In, *Berg,*, the plaintiffs suffered no financial loss, only what the Ninth

14

15   Circuit construed as personal injuries. *supra*  at 464.   In *Impress* the district court held that where

16   the plaintiffs could not assert that they were denied medically necessary benefits or that they

17   received inferior or delayed treatment, they had no factual basis to assert that they were injured in

18

19   their property. *supra* at 1063.

20       Defendants' reference to the Supreme Court's decision in *Anza v. Ideal Steel Supply Corp.*

21   *Supra*, 126 S.Ct. 1991 does not correct their failure to address the standards for RICO standing and

22   damages established in *Mendoza* and  *Diaz*.

23

24        When *Anza* was decided, the Supreme Court vacated the Eleventh Circuit's decision in

25   *Williams v. Mohawk Industries Inc*. 411 F.3d 1222 (11th Cir. 2005) and remanded for further

26   consideration in light of *Anza*.  *Mohawk Industries, Inc. V. Williams,* 126 S.Ct. 2016 (2006).

27

28   PLAINTIFFS OPPOSITION TO
     DEFENDANTS MOTION TO DISMISS
                                            18

The new decision in *Williams v. Mohawk Industries, Inc.,* 465  F.3d 1277, 1286-1287 (2006), *cert. denied , Mohawk Industries, Inc. V. Williams,* 127 S.Ct. 1381 (2007),  relies on both the Supreme Court's 2006 decision in *Anza* and the Ninth Circuit's 2002 decision in *Mendoza v. Zirkle, supra.,* quoting the portion of the *Mendoza* decision in which the Ninth Circuit said, "what is required is precisely what the employees allege here: a legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate statutes." *Williams, supra*, at 1286.

In *Williams*, the Eleventh Circuit concluded that,

"*Anza's* concern about speculative damages, 'intricate uncertain injuries' and unwieldy apportionment are not implicated in this case because Plaintiffs allege an injury fundamentally different from that in *Anza.* The plaintiff in *Anza* was a competitor suing for damages for lost opportunity or lost sales.  In contrast, Plaintiffs are Mohawk's own employees who seek to recover the diminution in wages they receive directly from Mohawk." *Williams v. Mohawk, supra,* at 1290-1291.

In *Anza, supra*, the Supreme Court said, "When a court evaluates a RICO clam for proximate  causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id.* at 1998. In this case,  Plaintiffs allege that "As a direct, foreseeable and proximate result of  Defendants' conduct Plaintiffs  have  lost salary and other employment benefits, constituting damage to business and property,  to which they are entitled, in an amount to be proven at trial." (Cabrera Decl., Exh. C, FAC ¶ 25.) [4]  Plaintiffs' First Amended Complaint

---

[4]. If the references to "pattern of racketeering activity in these paragraphs does not make it clear that Plaintiffs' injuries were proximately caused by Defendants' violations of 18 U.S.C., it is sufficient that general allegations embrace those specific facts that are necessary to support the claim.  *National Organization For Women, Inc. et al. v. Scheidler et al.* ,  510 U.S. 249, 256, 114 S.Ct. 798 (1994),   "We have held that '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.' *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351

1   identifies the same employer, loss of a specific kind of employment opportunities with related loss

2   of wages and benefits, which employer.  Plaintiffs also allege that Defendants violations of 18

3

4   U.S.C. 1512 directly caused by Defendants' witness tampering to prevent Plaintiffs from disclosing

5   Defendants' federal violations to outside authorities.

6        **2. Plaintiffs Have Pled Sufficient Facts to**
7        **State a Predicate Act of Witness Tampering**

8

9       Defendants' primary argument in support of dismissal of Plaintiffs' "witness tampering"

10   claim amounts to nothing more than their unsupported assertions that "it is absurd to suggest" and

11   that Defendants  were telling Plaintiffs to stop engaging in what management perceived to be

12
13   "conduct disruptive to the workplace. (Defs. MPA p.16:8-11)."  At best,  Defendants are raising a

14   purely speculative set of  facts, extraneous to a Rule 12(b)(6) motion, presented as legal argument.

15       Defendants also begin their argument for dismissal of Plaintiffs' witness tampering

16   allegations by omitting a key element of the predicate act  - witness tampering by harassment.

17   Defendants quote from 18 U.S.C. 1512(b)(1) and (b)(3),  but completely fail to address subsection

18
19   (d) which states, in relevant part,

20       **(d)** Whoever intentionally harasses another person and thereby hinders, delays, prevents, or
        dissuades any person from--

21            **(1)** attending or testifying in an official proceeding;

22

23

24   (1992).' The District Court dismissed petitioner's claim at the pleading stage pursuant to Federal
    Rule of Civil Procedure 12(b)(6), so their complaint must be sustained if relief could be granted

25   'under any set of facts that could be proved consistent with the allegations.' *Hishon v. King &*
    *Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229,2232, 81 L.Ed.2d 59 (1984)."  See also,  *Mendoza v.*

26   *Zirkle, supra*, at 1168 ("[O]n a motion to dismiss we presume that general allegations embrace
    those specific facts that are necessary to support the claim.")

27

28   PLAINTIFFS OPPOSITION TO
    DEFENDANTS MOTION TO DISMISS
                    20

**(2)** reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense... shall be fined under this title or imprisoned not more than one year or both.

### a. Plaintiffs Have Adequately Pled Federal Nexus For Purposes Of Witness Tampering

Defendants argue that Plaintiffs have not adequately pled a federal nexus in their allegations of witness tampering in violation of 18 U.S.C. 1512.  They cite *U.S. v. Perry*, 335 F.3d 316, 319 (4th Cir. 2003) and  *United States v.Harris*, 498 F.3d 278, (4th Cir. 2007) for the idea that there must be at least a "potential" federal investigation relating to the information sought to be suppressed in violation of section 1512.  (Defs. MPA at 15:4).

However, Defendants fail to address the rest of the *Perry* and *Harris* decisions  which make clear that "So long as the information the defendant seeks to suppress actually relates to the commission or possible commission of a federal offense, the federal nexus requirement is established." *Harris, supra*,. at 286.  *See also*,   *U.S. v. Perry*, *supra*, at 323 ("Throughout the instructions, the [trial] court reiterated the requirement that the communication Perry intended to prevent must have related to a federal offense.   Because we are unable to discern any incorrect statement of law in the instructions, the court did not abuse its discretion in declining to award a new trial on this basis."

Perhaps in an effort to avoid acknowledging federal nexus based on federal violations, Defendants argue, incorrectly, that Plaintiffs have alleged  " 'misappropriations' and 'accounting errors' that Plaintiffs claim the Defendants wanted to suppress." (Defs. MPA p.15:15-16).   The First Amended Complaint in this action makes no reference to "misappropriations" or "accounting

errors." Plaintiffs allege that Defendants intended to prevent Plaintiffs from reporting federal violations, such as mail and wire fraud and extortion, to outside authorities. (Cabrera Decl., Exh. C, FAC ¶¶ 21, 22).

Nor is there a requirement that Plaintiffs allege or prove  a *likelihood* that Plaintiffs would  have reported to federal authorities.  "As we have explained, the government was not required to prove that the federal authorities would *likely* have received any information had Appellants not interfered." *Harris*, *supra*, at 286 FN 5.

18 U.S.C. 1512, the federal witness tampering statute,  itself makes clear that violation of the statute does not require that the defendant be thinking of disclosure to *federal* law enforcement or judicial authorities.  18 U.S.C. 1512(f) and (g) say, in relevant part that an official proceeding need not be pending or about to be instituted at the time of the offense and that no state of mind need be proved with respect to the circumstance that the official proceeding be federal or that the law enforcement officer be federal.

 consultant.

 Witness tampering can also be accomplished by corrupt persuasion.  In *United States v. Khatami,* 280 F.3d 907, 910 (9th Cir. 2002), section 1512 (b) defendant was found to have attempted to corruptly influence witnesses to mislead the investigator with false information. Paragraph 19 of the Amended Complaint alleges that Defendants tampered with witnesses, including but not limited to Plaintiffs, to prevent them from testifying or reporting about Defendants' mail fraud, wire fraud and extortion. (Cabrera Decl., Exh. C, FAC ¶ 19).   That is sufficient to cover corrupt persuasion of other witnesses which was another factor in proximately

1  causing Plaintiffs to lose promotions.  Other witnesses were corruptly persuaded by being

2  promoted into the positions Plaintiffs sought.    The corrupt persuasion of those other witnesses

3  proximately caused Plaintiffs to suffer injury to their right to higher wages and benefits

4  "unhampered by schemes prohibited by the RICO predicate statutes." *Diaz*, *supra,* at 888. [5]

5

6

7  **C. Defendants Are Not Protected By Qualified Immunity**

8

9        Qualified immunity is available to government officials, sued in their personal capacities,

10   only "...insofar as their conduct does  not violate clearly established statutory or constitutional

11  rights of which a reasonable person would have known"  *Harlow v. Fitzgerald*, 457 U.S. 800, 818,

12  102 S.Ct. 2727.

13

14        A recent Ninth Circuit decision says,  "In analyzing the Defendants' qualified immunity

15  defense, we must determine: (1) what right has been violated; (2) whether that right was so "clearly

16  established" at the time of the incident that a reasonable official would have been aware that the

17  conduct violated constitutional bounds; and (3) whether a reasonable public official could have

18  believed that the alleged conduct was lawful." *Hydrick v. Hunter,* 500 F.3d 978, 988 (9thCir.

19  2007).

20

21        In this case, the statutes that Defendants violated, including RICO and the individual

22  predicate acts, were in effect long before Defendants began the pattern of racketeering activity

23

24  _____

25        [5]. At P. 16, FN 2 of Defendants' Memorandum of Points and Authorities Defendants try
26  to make a connection between an outside audit in 2003 and a federal investigation.  Plaintiffs
    have never alleged that the 2002/2003 audit was comparable to a federal investigation.
27  Defendants' conduct with respect to that audit is part of its witness tampering through misleading
    and corrupt persuasion.
28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

alleged in this action.  Defendants violated clearly established statutory rights of which a

reasonable person would have known.  *Harlow v. Fitzgerald*, *supra*, at  818.

     The Racketeering Influenced and corrupt Organization Act (RICO) was passed in 1970,

long before Defendants began the  pattern of racketeering activity alleged in this case.  *U.S. v.*

*Rone*, 598 F.2d 564, 568 (1977).  18 U.S.C. 1961, which identifies predicate acts, was last

amended in 1996, before Defendants began their pattern of racketeering activity in or around 2003.

West, 2000.

     18 U.S.C. 1341 and 1343 the federal mail fraud and wire fraud statutes, were last amended

in 1994 long before 1998 when Defendants first began the  mail and wire fraud alleged in  this

action.  West, 2000.  *See also,   Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806

F.2d 1393, 1399 (9th Cir. 1986).

     18 U.S.C. 1951(b)(2), the federal extortion statute, was last amended in 1994, long before

1998 when Defendants first began the extortion alleged in this action.   West, 2000.  *See also*,

*Rothman v. Vedder Park Management,* 912 F.2d 315, 317-318 (9th Cir. 1990).

     18 U.S.C. 1512, the federal prohibition against witness tampering,   was last amended in

1996, well before Defendants began their campaign of witness tampering in or around 2003.  West

2000.  18 U.S.C. 1512(f) says  that violations of section 1512 do  not require that an official

proceeding be pending or even about to be instituted and section 1512(g) has said that 1512 does

not require that the defendant have any state of mind regarding an official proceeding being a

federal proceeding.   A reasonable government  official should have known that witness tampering

is  a federal violation even without a pending federal proceeding.  Furthermore, In 2003, the Fourth

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS

24

1

2

Circuit Court of Appeals held that all that is required is that the violation that might be reported, be

at least in part, a federal violation. *United States v. Perry*, 335 F.3d 316, 321-322 (4th Cir. 2003)

3

4

5

In 2002, a few years before Defendants' witness tampering began interfering with

Plaintiffs' promotions, the Ninth Circuit Court of Appeals decided *U.S. v. Khatami* , 280 F.3d 907

6

7

(9thCir. 2002) and held that "corrupt persuasion" refers to "non-coercive witness tampering. *Id.* at

p.914.  A reasonable government official should have known that even non-coercive witness

8

9

tampering is a federal violation.

10

In 2002, prior to Defendants' witness tampering interfering with Plaintiffs' promotions,

11

proximately causing  injuries to their business and property,   the Ninth Circuit decided that

12

13

damages and standing for a civil RICO complaint can be based on an employee's wage loss if an

employer's predicate act proximately causes the employee"s business relations to be hampered

14

15

"...by schemes prohibited by the RICO predicate statutes." *Mendoza v. Zirkle Fruit Co.*, *supra*,

16

301 F.3d at 1168-1169.  A reasonable government official should have known that by interfering

17

with Plaintiffs' promotions, they were creating damages cognizable under RICO.

18

19

Defendants cannot dispute the fact that mail and wire fraud, extortion and witness

20

tampering, as predicate acts under RICO, were  clearly enough established , well before

21

Defendants'  began the pattern of racketeering activity alleged in this case,  that reasonable

22

23

government officials should have been  aware that their conduct was in violation of RICO.

Therefore, Defendants are not entitled to qualified immunity in this action.  *Hydrick v. Hunter*,

24

25

*supra,* at  988.                                                        **III.**

26

**CONCLUSION**

27

28

1         For the foregoing reasons, Plaintiffs Amended Complaint should not be dismissed.  In the

2

3    alternative, if any of the allegations in the Amended Complaint need clarification, Plaintiffs request

4    leave to amend.

5    Dated: January 3,2008

6                                                    //Edith J. Benay//
                                                     Attorney for Plaintiffs CHOW and WILLIAMS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS OPPOSITION TO
DEFENDANTS MOTION TO DISMISS