Edith J. Benay, S.B.N. 98747
Law Office of Edith J. Benay
345 Franklin Street
San Francisco, CA 94102
Telephone:     (415) 241-7286
Facsimile:     (415) 252-8048

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH CHOW and SCOTT WILLIAMS )<br>)<br>          Plaintiffs                                    )<br>)<br>v.                                                          )<br>)<br>)<br>JUDY JOHNSON, ROBERT HAWLEY, )<br>ELYSE COTANT, STARR BABCOCK )<br>and PEGGY VAN HORN                          )<br>)<br>          Defendants                                )<br>_____) | Case No.C 07 4478 CW<br><br>**PLAINTIFFS NOTICE OF<br>MOTION AND MOTION<br>REQUESTING ENLARGEMENT<br>OF TIME TO FILE PLAINTIFFS<br>OPPOSITION TO<br>DEFENDANTS' MOTION TO<br>DISMISS AND MOTION TO<br>TO STRIKE**<br><br>Local Rule 6-1(b) |

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)

1

2    **NOTICE OF MOTION**

3

4        PLEASE TAKE NOTICE that Plaintiffs JUDITH CHOW and SCOTT WILLIAMS move

5    pursuant to Local Rule 6-1(b) for an Order enlarging time by one day,  for filing Plaintiffs'

6    Opposition to Defendants' Motion to Dismiss.  This motion is being brought after the fact

7    because counsel for Plaintiffs was not aware that she had mis-calendared the date for filing the

8    Opposition until she received Defendants' Reply.

9        Plaintiffs' motion is made on the following grounds:

10            1. The Ninth Circuit Court of Appeals defines "excusable neglect" as covering

11    cases of  negligence, carelessness and inadvertent mistake.

12            2. Defendants have not identified any actual prejudice suffered as a result of the

13    one day delay in filing Plaintiffs' Opposition.

14            3. The one day delay in filing Plaintiffs' Opposition is not likely to have any

15    impact on the proceedings.

16            4. Counsel for Plaintiffs acted in good faith.

17

18    **MEMORANDUM OF POINTS AND AUTHORITIES**

19    **INTRODUCTION**

20

21        Plaintiffs bring this motion pursuant to Local Rule 6-1(b) requesting that this Court

22    enlarge the time for filing of Plaintiffs' Opposition to Defendants Motion to Dismiss and Motion

23    to Strike,  by one day.    This motion requests enlargement of time after the fact because, as set

24    forth in the attached declaration, counsel for Plaintiffs mis-calendared the date for filing the

25    Opposition and was not aware that it was filed late until Defendants' Reply brought that fact to

26    this Court's attention and to counsel's attention.

27    PLAINTIFFS MOTION TO ENLARGE
      TIME LOCAL RULE 6-1(b)
28                              1

1    Pursuant to Local Rule 7-3(a)  Plaintiffs Opposition to Defendants' motion should have

2    been filed 21 days before the January 24, 2008  hearing date.  Instead, it was filed 20 days before

3    the hearing date.  Defendants' motion was filed on November 30, 2007  and there was ample

4    time in which to file Plaintiffs' Opposition  but due to a calendaring error the Opposition was

5    filed one day late.

6    There has been one other enlargement of time in this case,  for the benefit of Defendants.

7    Pursuant to a stipulation and Order from this Court,  time for Defendants to file their responsive

8    pleading was extended from October to the end of November.  That stipulation and Order also

9    vacated and reset the ADR deadlines and the dates set forth in the Order setting the initial case

10    management conference.

11    Local Rule 1-4 states that failure by counsel to comply with any duly promulgated local

12    rule may be ground for imposition of any authorized sanction.  Defendants assert that this Court

13    should disregard Plaintiffs Opposition and limit its consideration of the motion to dismiss to the

14    papers submitted by Defendants.  As set forth in the attached declaration, counsel for Plaintiffs

15    requests that whatever sanction this Court imposes be applied against counsel and not in a form

16    that would prejudice Plaintiffs or their case.

17

18    **ARGUMENT**

19    Defendants cite two unpublished opinions from the Northern District of California in

20    which untimely filings were disregarded by the Court.  Both opinions were from the Honorable

21    Vaughn Walker, both are unpublished and both present significantly different circumstances

22    from this case, in which Plaintiffs' Opposition was filed one day late.

23    Defendants cite  *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives,* 1995 U.S. Dist.

24    Lexis 7983, *2 n.1 in which one of the parties was two weeks late in filing a counter motion to

25    dismiss.   Judge Walker disregarded that motion.

26    Defendants also cite *Brown v. Iantorno*, 1996 U.S. Dist. Lexis 13181, *5, n.1. in which

27    PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)
28                                        2

1    the plaintiff failed to file any opposition to defendants' motion to dismiss.  Judge Walker

2    included the failure to file an opposition in his list of reasons for dismissing the complaint, which

3    included lack of jurisdiction.

4           More recently, in *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000)

5    the Ninth Circuit Court of Appeals held that failure to respond to a motion for summary

6    judgment and the resulting entry of judgment against the Plaintiff, should be evaluated in light of

7    the Supreme Court's equitable test, as set forth in *Pioneer Investment Services Co. V. Brunswick*

8    *Assocs. Ltd. Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489 (1993).  "...the factors recited in

9    *Pioneer* were not exclusive, but they provide a framework with which to determine whether

10   missing a filing deadline constitutes 'excusable neglect.'" *Bateman*, *supra*, at 1224.  The

11   *Bateman* decision applied the Supreme Court's  equitable test to a  Rule 60(b)(1) motion, relief

12   from a final judgment on the basis of mistake, inadvertence, surprise or excusable neglect, but

13   those equitable factors are equally applicable to this case, in which Defendants ask this Court to

14   disregard Plaintiffs' Opposition to Defendants' Motion to Dismiss.

15          The four factors to be considered are, (1) the danger of prejudice to the opposing party;

16   (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the

17   delay; and (4) whether the movant acted in good faith.  *Bateman, supra*, at 1223-1224.

18          In this case, the danger of prejudice to Defendants by the one day delay in filing

19   Plaintiffs' Opposition is minimal and that one day delay has no impact on the proceedings.

20   Defendants assert that they were deprived of utilizing the full amount of time permitted under

21   Rule 7-3©) to prepare their Reply but they do not indicate anything they were prevented from

22   doing; they did not request more time to file their Reply nor did they request that the hearing be

23   continued to accommodate a need for more time.

24          The reason for the late filing of Plaintiffs' Opposition fits the definition of "excusable

25   neglect."  As set forth in the attached declaration of counsel for Plaintiffs, counsel mis-

26   calendared the date for filing the Opposition and counsel was not aware of the error until she read

27   PLAINTIFFS MOTION TO ENLARGE
     TIME LOCAL RULE 6-1(b)
28                                     3

1  Defendants' Reply.  In *Bateman, supra*, the Ninth Circuit said that after the Supreme Court's

2  decision in *Pioneer*, *supra*, "...we recognized that the term [excusable neglect] covers cases of

3  negligence, carelessness and inadvertent mistake."

4      The fourth equitable factor to be considered is whether the movant acted in good faith.  In

5  *Bateman*, the court concluded that there was no evidence that the attorney acted with anything

6  less than good faith despite the fact that his failure to arrange for someone to handle the case

7  while he was out of the country showed a lack of regard for his client's interests and for the

8  court's docket.  The court concluded that there was no evidence that his errors resulted from

9  deviousness or willfulness. *Bateman, supra,* at 1225.

10      Similarly, in this case,  there is no evidence of anything less than good faith.  As set forth

11  in the attached declaration, Counsel's error did not result from deviousness or willfulness.

12                                                               **CONCLUSION**

13      For the above stated reasons Plaintiffs request that this Court not penalize their late filing

14  by disregarding their Opposition to Defendants' Motion to Dismiss.  As set forth in the attached

15  declaration, counsel for Plaintiffs requests that if sanctions are appropriate, they be applied

16  against her.

18  Date: January 13, 2008                 /S/

19                                                         Edith J. Benay

1

2

3

**DECLARATION OF EDITH J. BENAY**

_____

4    1. I am the attorney of record for Plaintiffs in the above-entitled action and I am an

5 attorney at law duly licensed to practice in this Court.  I have been attorney of record in this

6 action since its inception.  I have personal knowledge of the matters set forth in this declaration

7 and if called upon to do so I could and would competently testify thereto.

8    2. Defendants electronically filed and served their Motion to Dismiss on November 30,

9 2007, with a hearing date of January 24, 2008.   I had no assistant at the time and calendared the

10 the date for filing Plaintiffs' Opposition, myself.

11    3. I inadvertently mis-calendared the date for filing Plaintiffs' Opposition as January 4,

12 2008 instead of January 3, 2008.

13    4. I did not realize that I made this  error until I received Defendants' Reply.

14    5. I did not file the Opposition one day late out of deviousness or willfulness.

15    6. If this Court concludes that sanctions are appropriate because of the the late filing I I

16 request that sanctions be applied against me, possibly in the form of a monetary sanction, rather

17 than in a way that would prejudice  Plaintiffs, such as disregarding their Opposition, as suggested

18 in Defendants' Reply.

19

20 I declare under penalty of perjury under the laws of the United States of America that the

21 foregoing is true and correct.  Executed within the United States on January 12, 2008.

22

23

24                                         /S/_____

25 _____Edith J. Benay

26

27 PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)

28                                                5