1  Edith J. Benay, S.B.N. 98747
   Law Office of Edith J. Benay
2  345 Franklin Street
   San Francisco, CA 94102
3  Telephone:  (415) 241-7286
   Facsimile:  (415) 252-8048
4
   Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH CHOW and SCOTT WILLIAMS ) | Case No.C 07 4478 CW |
| ) | |
| Plaintiffs ) | **PLAINTIFFS NOTICE OF** |
| ) | **MOTION AND MOTION** |
| v. ) | **REQUESTING ENLARGEMENT** |
| ) | **OF TIME TO FILE PLAINTIFFS** |
| ) | **OPPOSITION TO** |
| JUDY JOHNSON, ROBERT HAWLEY, ) | **DEFENDANTS' MOTION TO** |
| ELYSE COTANT, STARR BABCOCK ) | **DISMISS AND MOTION TO** |
| and PEGGY VAN HORN ) | **TO STRIKE** |
| ) | |
| Defendants ) | Local Rule 6-1(b) |

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiffs JUDITH CHOW and SCOTT WILLIAMS move pursuant to Local Rule 6-1(b) for an Order enlarging time by one day, for filing Plaintiffs' Opposition to Defendants' Motion to Dismiss. This motion is being brought after the fact because counsel for Plaintiffs was not aware that she had mis-calendared the date for filing the Opposition until she received Defendants' Reply.

Plaintiffs' motion is made on the following grounds:

1. The Ninth Circuit Court of Appeals defines "excusable neglect" as covering cases of negligence, carelessness and inadvertent mistake.

2. Defendants have not identified any actual prejudice suffered as a result of the one day delay in filing Plaintiffs' Opposition.

3. The one day delay in filing Plaintiffs' Opposition is not likely to have any impact on the proceedings.

4. Counsel for Plaintiffs acted in good faith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs bring this motion pursuant to Local Rule 6-1(b) requesting that this Court enlarge the time for filing of Plaintiffs' Opposition to Defendants Motion to Dismiss and Motion to Strike, by one day. This motion requests enlargement of time after the fact because, as set forth in the attached declaration, counsel for Plaintiffs mis-calendared the date for filing the Opposition and was not aware that it was filed late until Defendants' Reply brought that fact to this Court's attention and to counsel's attention.

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)

1

1   Pursuant to Local Rule 7-3(a) Plaintiffs Opposition to Defendants' motion should have
2 been filed 21 days before the January 24, 2008 hearing date.  Instead, it was filed 20 days before
3 the hearing date.  Defendants' motion was filed on November 30, 2007 and there was ample
4 time in which to file Plaintiffs' Opposition but due to a calendaring error the Opposition was
5 filed one day late.

6   There has been one other enlargement of time in this case, for the benefit of Defendants.
7 Pursuant to a stipulation and Order from this Court, time for Defendants to file their responsive
8 pleading was extended from October to the end of November.  That stipulation and Order also
9 vacated and reset the ADR deadlines and the dates set forth in the Order setting the initial case
10 management conference.

11   Local Rule 1-4 states that failure by counsel to comply with any duly promulgated local
12 rule may be ground for imposition of any authorized sanction.  Defendants assert that this Court
13 should disregard Plaintiffs Opposition and limit its consideration of the motion to dismiss to the
14 papers submitted by Defendants.  As set forth in the attached declaration, counsel for Plaintiffs
15 requests that whatever sanction this Court imposes be applied against counsel and not in a form
16 that would prejudice Plaintiffs or their case.

## ARGUMENT

19   Defendants cite two unpublished opinions from the Northern District of California in
20 which untimely filings were disregarded by the Court.  Both opinions were from the Honorable
21 Vaughn Walker, both are unpublished and both present significantly different circumstances
22 from this case, in which Plaintiffs' Opposition was filed one day late.

23   Defendants cite *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives,* 1995 U.S. Dist.
24 Lexis 7983, *2 n.1 in which one of the parties was two weeks late in filing a counter motion to
25 dismiss.   Judge Walker disregarded that motion.

26   Defendants also cite *Brown v. Iantorno*, 1996 U.S. Dist. Lexis 13181, *5, n.1. in which

the plaintiff failed to file any opposition to defendants' motion to dismiss. Judge Walker included the failure to file an opposition in his list of reasons for dismissing the complaint, which included lack of jurisdiction.

More recently, in *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000) the Ninth Circuit Court of Appeals held that failure to respond to a motion for summary judgment and the resulting entry of judgment against the Plaintiff, should be evaluated in light of the Supreme Court's equitable test, as set forth in *Pioneer Investment Services Co. V. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489 (1993). "...the factors recited in *Pioneer* were not exclusive, but they provide a framework with which to determine whether missing a filing deadline constitutes 'excusable neglect.'" *Bateman*, *supra*, at 1224. The *Bateman* decision applied the Supreme Court's equitable test to a Rule 60(b)(1) motion, relief from a final judgment on the basis of mistake, inadvertence, surprise or excusable neglect, but those equitable factors are equally applicable to this case, in which Defendants ask this Court to disregard Plaintiffs' Opposition to Defendants' Motion to Dismiss.

The four factors to be considered are, (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman, supra*, at 1223-1224.

In this case, the danger of prejudice to Defendants by the one day delay in filing Plaintiffs' Opposition is minimal and that one day delay has no impact on the proceedings. Defendants assert that they were deprived of utilizing the full amount of time permitted under Rule 7-3©) to prepare their Reply but they do not indicate anything they were prevented from doing; they did not request more time to file their Reply nor did they request that the hearing be continued to accommodate a need for more time.

The reason for the late filing of Plaintiffs' Opposition fits the definition of "excusable neglect." As set forth in the attached declaration of counsel for Plaintiffs, counsel mis-calendared the date for filing the Opposition and counsel was not aware of the error until she read

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)

3

Defendants' Reply. In *Bateman, supra*, the Ninth Circuit said that after the Supreme Court's decision in *Pioneer, supra*, "...we recognized that the term [excusable neglect] covers cases of negligence, carelessness and inadvertent mistake."

The fourth equitable factor to be considered is whether the movant acted in good faith. In *Bateman*, the court concluded that there was no evidence that the attorney acted with anything less than good faith despite the fact that his failure to arrange for someone to handle the case while he was out of the country showed a lack of regard for his client's interests and for the court's docket. The court concluded that there was no evidence that his errors resulted from deviousness or willfulness. *Bateman, supra*, at 1225.

Similarly, in this case, there is no evidence of anything less than good faith. As set forth in the attached declaration, Counsel's error did not result from deviousness or willfulness.

## **CONCLUSION**

For the above stated reasons Plaintiffs request that this Court not penalize their late filing by disregarding their Opposition to Defendants' Motion to Dismiss. As set forth in the attached declaration, counsel for Plaintiffs requests that if sanctions are appropriate, they be applied against her.

Date: January 13, 2008                             /S/
                                                   Edith J. Benay

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)
4

### **DECLARATION OF EDITH J. BENAY**

1. I am the attorney of record for Plaintiffs in the above-entitled action and I am an attorney at law duly licensed to practice in this Court. I have been attorney of record in this action since its inception. I have personal knowledge of the matters set forth in this declaration and if called upon to do so I could and would competently testify thereto.

2. Defendants electronically filed and served their Motion to Dismiss on November 30, 2007, with a hearing date of January 24, 2008. I had no assistant at the time and calendared the the date for filing Plaintiffs' Opposition, myself.

3. I inadvertently mis-calendared the date for filing Plaintiffs' Opposition as January 4, 2008 instead of January 3, 2008.

4. I did not realize that I made this error until I received Defendants' Reply.

5. I did not file the Opposition one day late out of deviousness or willfulness.

6. If this Court concludes that sanctions are appropriate because of the the late filing I I request that sanctions be applied against me, possibly in the form of a monetary sanction, rather than in a way that would prejudice Plaintiffs, such as disregarding their Opposition, as suggested in Defendants' Reply.

7. I have not made an effort to obtain a stipulaton to the time change because this request is being made after the fact, I felt that time was of the essence and that the request should be filed as soon as possible.

8. If this Court does not permit Plaintiffs' Opposition to have been filed one day late and, as suggested by Defendants in their Reply, disregards Plaintiffs' Opposition, Plaintiffs' may be substantially prejudiced by the granting of Defendants' motion to dismiss.

9. There has been one other enlargement of time in this case, for the benefit of

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)
                                                  1

Defendants. Pursuant to a stipulation and Order from this Court, time for Defendants to file their responsive pleading was extended from October to the end of November. That stipulation and Order also vacated and reset the ADR deadlines and the dates set forth in the Order setting the initial case management conference.

10. The requested enlargement of time of one day, after the fact, for filing Plaintiffs' Opposition would have no effect on the schedule for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed within the United States on January 12, 2008.

                                                /S/
                                                Edith J. Benay

PLAINTIFFS MOTION TO ENLARGE
TIME LOCAL RULE 6-1(b)                2