MICHAEL D. BRUNO (SBN: 166805)
STEPHANIE B. BRADSHAW (SBN: 170757)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

LAWRENCE C. YEE (SBN: 84208)
HEATHER A. IRWIN (SBN: 203203)
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco CA 94105-1639
Telephone: (415) 538-2000
Facsimile:  (415) 538-2321

Attorneys for Defendants
JUDY JOHNSON, ROBERT HAWLEY,
STARR BABCOCK, PEGGY VAN
HORN and ELYSE COTANT

EDITH J. BENAY (SBN: 98747)
LAW OFFICE OF EDITH J. BENAY
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 241-7286
Facsimile:  (415) 252-8048

Attorney for Plaintiffs
JUDITH CHOW and SCOTT WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| JUDITH CHOW and SCOTT WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> JUDY JOHNSON, ROBERT HAWLEY, ELYSE COTANT, STARR BABCOCK and PEGGY VAN HORN, <br><br> Defendants. | CASE NO. C 07 4478 CW <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** <br><br> Date:      January 24, 2007 <br> Time:      2:00 p.m. <br> Courtroom: 2 <br> Judge:     Hon. Claudia Wilken |

In compliance with Federal Rule of Civil Procedure Rule 26(f), Local Rule 16-9(a) and this Court's Case Management Scheduling Orders, Plaintiffs Judith Chow and Scott Williams ("Plaintiffs") and Defendants Judy Johnson, Robert Hawley, Elyse Cotant, Starr Babcock and Peggy Van Horn ("Defendants") (collectively referred to herein as the "Parties"), jointly file this Case Management Statement and Proposed Order in preparation for the Parties' January 24, 2008 Case Management Conference.

## I. JURISDICTION AND SERVICE

This is an action alleging violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.*, ("RICO"). Plaintiffs assert subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and venue pursuant to 28 U.S.C. §1391. No issues exist regarding personal jurisdiction or venue. No named Parties remain to be served.

## II. FACTS

**A.    Plaintiffs' Brief Description of the Facts:**

Plaintiffs are long-term employees of The State Bar of California ("The State Bar") and in the past eight to ten years they have been employed as Billing Technicians in the Member Billing Department. Plaintiffs allege that in a pattern of racketeering activity continuing throughout the past ten years, Defendants have joined in an "Associated in Fact Enterprise" for the purpose of obtaining overpayments from members and commingling those overpayments with State Bar funds. In some cases they used overpayments for unauthorized donations to non-profit organizations associated with the State Bar. Defendants' conduct violates federal statutes prohibiting mail fraud, wire fraud and extortion, which constitute "predicate acts" required for a "pattern of racketeering activity" under RICO. (18 U.S.C. 1961(1)(B), (5), 18 U.S.C. 1962(c).) In addition, Defendants have violated Federal statutes prohibiting witness tampering by harassing, intimidating and misleading Plaintiffs and corruptly persuading Plaintiffs and other witnesses, for the purpose of preventing them from reporting these Federal violations to outside authorities. Within the past four years Defendants' witness tampering has included preventing Plaintiffs from promoting within the State Bar, proximately causing injury to Plaintiffs' business and property interests.

**B.     Defendants' Brief Description of the Facts:**

The State Bar is a public corporation created by the state legislature in 1927. The electorate added The State Bar to the California Constitution in 1960 within the judicial branch of government. Accordingly, all property of The State Bar is held for essential public and governmental purposes in the judicial branch of government. The California Supreme Court has consistently affirmed The State Bar's status as a constitutional entity and an integral part of the judicial branch, serving as the Court's administrative arm for the purpose of assisting in matters of admission, discipline and regulation of the State's attorneys.

Serving in this capacity, The State Bar, at the direction of the Board of Governors and applicable California statutes, is charged with collecting annual membership dues, certain member costs and penalties and such other voluntary section payments and donations from its member attorneys. Given the nature of their positions, employees of The State Bar carrying out their job duties in good faith are entitled to qualified immunity and shielded from liability.

Nevertheless, it is as a result of carrying out this charge that Plaintiffs allege that executive level employees of The State Bar have committed, and are personally liable in this action for, extortion, mail/wire fraud and witness tampering in violation of the RICO.[1] Indeed, Plaintiffs claim that The State Bar has been engaged, for the last decade or so, in an organization-wide conspiracy and, in furtherance of some grand scheme to defraud its more than 202,000 attorney members, these particular Defendants have engaged in mail/wire fraud, extortion and witness tampering in order to both take from and add to The State Bar's general fund. Highlighting the absurd nature of their allegations, Plaintiffs claim that these individuals participated in this ongoing scheme—putting their respective careers and reputations on the line, not for their own personal and financial gain, but for the exclusive benefit of their employer, The State Bar.

Plaintiffs, both *current* employees of The State Bar, filed this RICO action, simply

---

[1] Plaintiffs' assert their RICO action against these five (5) current and former State Bar employees: Judy Johnson (State Bar Executive Director); Robert Hawley (Deputy Executive Director); Peggy Van Horn (Chief Financial Officer) Starr Babcock (Senior Executive for Member Services) and Elyse Cotant (former Director of Member Billing).

escalating their previously filed, pending state court employment claim against The State Bar and four (4) of these five (5) individuals that they were denied internal "promotions" in retaliation for "disclosing" financial "defalcations" to the State Bar. Indeed, Plaintiffs filed this RICO action on the eve of the mediation of the state court action, in a transparent attempt to gain settlement leverage at the mediation. However, Plaintiffs' strategy backfired, and now Plaintiffs are desperately grasping at straws to maintain an action before this Court—an action they likely never believed they would be called upon to actually legally and factually support their quasi-criminal and inflammatory RICO claim against these employees.

C. **Principal Factual Issues in Dispute**

    1. **Plaintiffs' List of Factual Issues in Dispute:**

        a. Whether Defendants' conduct violates Federal statutes prohibiting mail and/or wire fraud.

        b. Whether Defendants' conduct violates Federal statutes prohibiting extortion.

        c. Whether Defendants' conduct violates Federal statutes prohibiting witness tampering.

        d. Whether Plaintiffs' standing and damages are established by proof that some but not all of the predicate acts in Defendants' pattern of racketeering activity proximately caused injury to Plaintiffs' business and property interests.

    2. **Defendants' List of Factual Issues in Dispute:**

        a. Whether Plaintiffs can demonstrate the standing and proximate cause requirements of 18 U.S.C. §1864.

        b. Whether Plaintiffs can state facts sufficient to constitute a claim for "witness tampering," as opposed to a simple, garden-variety workplace claim for retaliation.

### III. LEGAL ISSUES

A. **Plaintiffs' List of Legal Issues in Dispute:**

Defendants' Motion to Dismiss and/or Motion to Strike Plaintiffs' RICO Complaint ("Motion to Dismiss") is currently pending and will be heard at the same time as the CMC. The legal issues raised in that motion are:

1. Whether the Supreme Court's holding in *Wilkie v. Robbins*, ___U.S.___ (2007), 127 S.Ct. 2588 (2007), mandates dismissal of Plaintiffs' claim of extortion as a predicate act in Defendants' pattern of racketeering activity. Plaintiffs contend that *Wilkie v. Robbins* does not mandate dismissal of allegations of extortion benefiting non-profit organizations outside of the State Bar; it does not mandate dismissal of allegations of extortion benefiting governmental entities other than the National Government or under the circumstances alleged in Plaintiffs' Amended Complaint nor does it mandate dismissal of allegations of extortion impacting interstate commerce, *U.S. v. Green*, 350 U.S. 415, 76 S.Ct. 522 (1956).

2. Whether Plaintiffs allegations of mail/wire fraud and extortion, predicate acts in Defendants' Pattern of Racketeering Activity, which have not proximately caused Plaintiffs' injury to business or property rights should be struck. Plaintiffs contend that as a matter law RICO does not require that each predicate act in the pattern of racketeering activity proximately caused Plaintiffs' injuries.

3. Whether "witness tampering" can occur in the work environment.

4. Whether Plaintiffs can prove "witness tampering" without having to prove that federal investigations or proceedings are pending or about to be instituted and whether Plaintiffs can prove "witness tampering" without having to prove that Defendants believe that Plaintiffs are going to report Defendants violations to *Federal* judges or *Federal* government agencies. 18 U.S.C. 1512(f), (g). Indeed, it is undisputed that Plaintiffs have already reported to a government agency - the State Bar.

5. Whether Defendants are entitled to qualified immunity. Plaintiffs contend that the statutes Defendants violated have been in effect since long before Defendants began their pattern of racketeering activity and reasonable executives of government agencies would have known that Defendants conduct violates those laws. Therefore Defendants are not entitled to qualified immunity.

**B. Defendants' List of Legal Issues in Dispute:**

As set forth in Defendants' Motion to Dismiss, the following legal issues are in dispute:

1. Whether Plaintiffs are precluded, as a matter of law, from stating a claim for

1 | extortion against Defendants.

2. Whether Plaintiffs can demonstrate the standing and proximate cause requirements of 18 U.S.C. §1864.

3. Whether Plaintiffs can state facts sufficient to constitute a claim for "witness tampering," as opposed to a simple, garden-variety workplace claim for retaliation.

4. Whether Plaintiffs can state facts sufficient to show a violation of any "clearly established" statutory or constitutional rights of which Defendants should have been aware, and, if not, why their suit is not barred by the doctrine of qualified immunity.

In the event Defendants' Motion to Dismiss is not granted in its entirety, Defendants anticipate that additional factual issues in dispute will be identified by their affirmative defenses and during discovery in this action.

## IV. MOTIONS

Defendants' Motion to Dismiss is set for hearing on January 24, 2008 before this Court. Plaintiffs have also moved for an order expanding time for filing their Opposition to Defendants' motion to dismiss, which was filed one day late. Defendants anticipate filing dispositive motions during, or upon the conclusion of, discovery.

## V. AMENDMENT OF PLEADINGS

Depending on the Court's decision on Defendants' Motion to Dismiss, Plaintiffs may seek to amend their Complaint. If this Court permits amendment, Defendants will thereafter file an appropriate response.

Plaintiff assets there may be other members of the Association in Fact alleged in this action but that will have to be determined after some discovery specific to this action. During discovery in Plaintiffs' state court whistleblower action Defendants objected to any discovery arguably pertaining to this RICO action. Therefore, Plaintiffs do not have all the information they need to identify members of the "Association in Fact." Therefore Plaintiffs request that the deadline for amending the complaint be set at approximately two months after the start of discovery.

Defendants propose that the deadline for Plaintiffs to file an amended Complaint, if

- 5 -
Joint Case Management Conference Statement and [Proposed] Order
Case No. C 07 4478 CW

permitted, be 20 days following the Court's written ruling on Defendants' Motion to Dismiss. Plaintiffs should be required to add any additional DOE Defendants to this action no later than the date their Amended Complaint must be filed given that they have, under the guise of discovery in their pending state court action for "whistleblowing" based on reporting "defalcations," received voluminous documents and information regarding The State Bar's accounting, auditing and policies and procedures related to Plaintiffs' alleged complaints. Defendants further propose that they have 30 days from the date Plaintiffs file an amended Complaint to file their responsive pleading.

## VI.  EVIDENCE PRESERVATION

The parties have taken steps to ensure that material relevant to the issues reasonably evident in this action at this time is maintained.

## VII.  DISCLOSURES

Given the case-dispositive nature of Defendants' Motion to Dismiss, the Parties agreed to briefly continue the deadline to complete Initial Disclosures in this action. The Parties agree to complete initial disclosures 21 days following the Court's written ruling on Defendants' Motion to Dismiss, and request that the Court so order. In the meantime, the Parties will meet and confer on the language of a Stipulated Protective Order.[2]

## VIII.  DISCOVERY

The Parties intend to use, and have agreed to the limitations set forth in Federal Rules of Civil Procedure and Local Rules with respect to, interrogatories, requests for production of documents and things, requests for admissions and third-party subpoenas.

**A.  Modification to Local Rules**

None.

**B.  Discovery Schedule**

Plaintiffs believe that the discovery schedule depends in part on whether Defendants appeal collateral orders from this Court regarding qualified immunity and whether Defendants

---

[2] The Parties ask, however, that if any appeal is taken from the Court's Order on Defendants' Motion to Dismiss, that all discovery, including the Parties' Initial Disclosures, be stayed pending the outcome of the appeal process.

anticipate invoking the Fifth Amendment, which will delay the orderly progress of discovery. Therefore Plaintiffs propose that the trial date and discovery cut-off be set once those issues are clear.

Defendants' propose the discovery and trial schedule as they set forth in **XIX**, below.

### IX. <u>CLASS ACTION</u>

This is not a class action.

### X. <u>RELATED CASES</u>

Plaintiff states that there is a state court action for retaliation under the Fair Employment and Housing Act, Cal.Gov. Code §12000 *et. seq.* ("FEHA") and for retaliation for whistleblowing, Labor Code Section 1102.5. That action is set for trial on April 15, 2008.

Defendants state that, as set forth in their Motion to Dismiss, Plaintiffs filed an action in San Francisco Superior Court (CGC 06-451572) on April 24, 2006 against The State Bar alleging a single cause of action for retaliation in violation of Labor Code Section 1102.5.[3] In summary, Plaintiffs alleged that The State Bar retaliated against them for reporting violations of various unnamed "statutes, rules and regulations" regarding misuse of members' money. Plaintiffs specifically alleged that in retaliation for reporting activities, The State Bar "adversely and materially affected the terms and conditions" of their employment, including but not limited to, "significantly diminishing material responsibilities" and/or "upgrading other employees" who had engaged in the supposed wrongful conduct reported by Plaintiffs. Plaintiffs allege that as result of these diminished responsibilities and/or "upgrades," they were left "vulnerable to being bumped down in classification or bumped out of employment with The State Bar."

Thereafter, Plaintiffs filed a First, and then Second Amended Complaint. They included additional allegations of retaliation, including that The State Bar allegedly denied Plaintiffs internal "promotions," and deleted their initial allegations of being left vulnerable, under the applicable collective bargaining agreement, to being "bumped" from their employment. More

---

[3] Labor Code Section 1102.5(b) provides: "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

- 7 -
Joint Case Management Conference Statement and [Proposed] Order
Case No. C 07 4478 CW

importantly, however, the amendments included a *second cause of action by Plaintiff Chow against The State Bar for retaliation in violation of the FEHA based on her alleged protected activity in 1999.* Plaintiff Chow also added four (4) individual Defendants in her FEHA claim: Robert Hawley, Starr Babcock, Peggy Van Horn and Elyse Cotant. (Her legal overreaching in that claim was immediately obvious given, for example, Defendant Van Horn was not employed by The State Bar until five (5) years *after* Plaintiff Chow's alleged "protected activity.")

Defendants' Motion for Summary Adjudication as to Plaintiff Chow's FEHA claim against them is set for hearing on March 14, 2008 and the Parties' trial is set for April 14, 2008.

## XI. RELIEF

Plaintiffs' damages consist of the difference between what they are earning in wages and pension benefits at their present pay grade - level 6 - and what they would be earning if they were promoted to any of the positions with higher pay grades for which they have applied over the past four years. Plaintiff Chow is 50 years old and Plaintiff Williams is 51 years old so they both have at least twelve to fifteen more years of working life at the State Bar. They each plan to work for as long as possible because the State Bar does not provide post-retirement medical benefits for employees at their grade level. Because Defendants' witness tampering has prevented Plaintiffs from being promoted on several occasions, Plaintiffs will suffer wage loss throughout those years of employment which will be reflected in lower pension payments after retirement. Those calculations are complicated and plaintiffs are currently having them done by an economist. Plaintiffs can provide Defendants with precise figures in about one month. RICO permits Plaintiffs to recover treble damages although that amount could be reduced somewhat by recovery for lost promotions from the state court whistleblower and the FEHA claims. RICO is an attorney's fees statute.

Defendants have not yet filed a responsive pleading and, therefore, have not yet determined what relief it will request.

## XII. SETTLEMENT AND ADR

Given the pending Motion to Dismiss and the Parties' April 14, 2008 employment retaliation trial in San Francisco Superior Court, Defendants do not wish to engage in any

Alternative Dispute Resolution (ADR) programs at this time.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties will not consent to the appointment of a Magistrate Judge to conduct the proceedings, including trial, in this action.

### XIV. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to a binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

Plaintiffs submit that there are no issues that can be narrowed by agreement or by motion.

Defendants believe their pending Motion to Dismiss will significantly help to narrow the issues pending in this action. Further, Plaintiffs concede that they have not suffered any economic harm as a proximate cause of Defendants' alleged extortion and mail/wire fraud and stipulating to this should further narrow the issues before this Court. (See Plaintiffs' admission in their Opposition to Defendants' Motion to Dismiss, Page 15.)

### XVI. EXPEDITED SCHEDULE

The Parties agree that this is not the type of case that can be handled on an expedited basis with streamlined procedures.

### XVII. TRIAL

Plaintiffs request a jury trial and Defendants reserve. The Parties anticipate a 10-15 trial.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants, who are employees of a governmental entity, are exempt from L.R. 3-16. Plaintiffs certify that, pursuant to Civil L.R. 3-16, and other than the named parties, they have no such interest to report.

### XIX. PROPOSED SCHEDULE

Defendants propose the following deadlines and court dates:

| EVENT | ESTIMATED DATE |
|---|---|
| Close of non-expert discovery | December 1, 2008 |

| EVENT | ESTIMATED DATE |
|---|---|
| Last day to disclose experts and serve initial reports | December 8, 2008 |
| Close of expert discovery | January 2, 2009 |
| Last day to file dispositive motions | January 12, 2009 |
| Pre-Trial Conference | February 23, 2008 |
| Trial by jury. Estimated length: 10-15 court days | March 16, 2009 |

Plaintiffs propose a trial date in late 2009, in part because Defendants refuse to permit any discovery from the state court Retaliation for Whistle Blower claim to be used in this action and in part because the different issues raised by a RICO action will involve additional discovery over which there is likely to be considerable disagreement. However, setting any date at this time assumes that if this Court decides that Defendants are not entitled to qualified immunity, Defendants will not appeal that collateral order. It would be difficult to determine how long it would take the Ninth Circuit to decide that appeal. Another consideration in setting a trial date at this time is the possibility of Defendants invocation of the Fifth Amendment. RICO violations are quasi-criminal violations. Setting a trial date at this time would be predicated on the understanding that there will be no Fifth Amendment invocations by any of the defendants.

Dated: January ___, 2008

LAW OFFICE OF EDITH J. BENAY

By: _____
EDITH J. BENAY
Attorneys for Plaintiffs
JUDITH CHOW and SCOTT WILLIAMS

Dated: January 17, 2008

GORDON & REES LLP

By: _____
STEPHANIE B. BRADSHAW
Attorneys for Defendants
JUDY JOHNSON, ROBERT HAWLEY, STARR BABCOCK, PEGGY VAN HORN and ELYSE COTANT

that if this Court decides that Defendants are **not** entitled to qualified immunity, Defendants will not appeal that collateral order. It would be difficult to determine how long it would take the Ninth Circuit to decide that appeal. Another consideration in setting a trial date at this time is the possibility of Defendants invocation of the Fifth Amendment. RICO violations are quasi-criminal violations. Setting a trial date at this time would be predicated on the understanding that there will be no Fifth Amendment invocations by any of the defendants.

Dated: January ___, 2008

LAW OFFICE OF EDITH J. BENAY

By: *Edith J. Benay* (signature)
EDITH J. BENAY
Attorneys for Plaintiffs
JUDITH CHOW and SCOTT WILLIAMS

Dated: January ___, 2008

GORDON & REES LLP

By: _____
MICHAEL D. BRUNO
Attorneys for Defendants
JUDY JOHNSON, ROBERT HAWLEY,
STARR BABCOCK, PEGGY VAN HORN and
ELYSE COTANT
- 8 -
Joint Case Management Conference Statement and [Proposed] Order
Case No. C 07 4478 CW

## [PROPOSED] CASE MANAGEMENT ORDER

The Parties' Joint Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case. The Parties are ordered to comply with this Order. In addition, the Court orders:

| EVENT | ESTIMATED DATE |
|---|---|
| Close of non-expert discovery | |
| Last day to disclose experts and serve initial expert reports | |
| Close of expert discovery | |
| Last day to file dispositive motions | |
| Pre-Trial Conference | |
| Trial by jury. Estimated length: 10-15 court days | |

IT IS SO ORDERED:

Dated: January ___, 2008

_____
The Honorable Claudia Wilken
United States District Judge