```
MICHAEL D. BRUNO  (SBN: 166805)
STEPHANIE B. BRADSHAW  (SBN: 170757)
ALYSON CABRERA  (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:   (415) 986-8054

LAWRENCE C. YEE (SBN: 84208)
HEATHER A. IRWIN (SBN: 203203)
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco CA 94105-1639
Telephone: (415) 538-2000
Facsimile: (415) 538-2321

Attorneys for Defendants
JUDY JOHNSON, ROBERT HAWLEY,
STARR BABCOCK, PEGGY VAN HORN and ELYSE COTANT
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| JUDITH CHOW AND SCOTT WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDY JOHNSON, ROBERT HAWLEY, ELYSE COTANT, STARR BABCOCK and PEGGY VAN HORN,<br><br>Defendants. | CASE NO. C 07 4478 CW<br><br>**RESPONSE TO THE COURT'S REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEADING REQUIREMENTS WHERE QUALIFIED IMMUNITY IS ASSERTED**<br>**[FRCP 12(b)(6), 12(f)]** |

SBCA/1039105/5329948v.1

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

In accordance with the authorities cited below, this Court should dismiss this suit without leave to amend, or require Plaintiffs to plead their claims with particularity such that the Court may rule on the question of qualified immunity prior to discovery.

## PLAINTIFFS MUST PUT FORWARD SPECIFIC, NONCONCLUSORY FACTUAL ALLEGATIONS THAT ESTABLISH IMPROPER MOTIVE CAUSING COGNIZABLE INJURY IN ORDER TO SURVIVE DEFENDANTS' MOTION TO DISMISS

The Supreme Court has provided specific guidance regarding how to adjudicate a qualified immunity defense at the pleading stage. "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Id.* The Court explained that the district judge has "two primary options prior to permitting any discovery at all." First, the court may insist that the plaintiff "put forward specific, nonconclusory factual allegations" that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. *Id.*; citing *Siegert*, 500 U.S. at 236 (1991) (Kennedy, J., concurring). "Second, if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Id.* To do so, the court must determine "whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law." *Crawford-El*, 523 U.S. at 598. The Court stated, "Because the former option of demanding more specific allegations of intent places no burden on the defendant-official, the district judge may choose that alternative before resolving the immunity question, which sometimes requires complicated analysis of legal issues." *Id.*

In *Siegert v. Gilley*, 500 U.S. 226, 228-229 (1991), Siegert, a former government employee alleged that his supervisor wrote a defamatory letter regarding his job performance thereby depriving him of a constitutionally protected liberty interest. Gilley filed a motion to dismiss, or in the alternative for summary judgment, asserting qualified immunity, and contending that Siegert failed to state a violation of any "clearly established" constitutional right.

*Id.* The Court explained that once a defendant pleads a defense of qualified immunity, "the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred.... Until this threshold immunity question is resolved, <u>discovery should not be allowed</u>." *Id.* at 231 (emphasis added). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. *Id.* "Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Id.* "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.* The Court reiterated that, "*Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Id.* at 232.

Similarly, in *Anderson v. Creighton,* 483 U.S. 635, 646, n.6 (1987), the Court rejected an argument by a plaintiff alleging a Fourth Amendment violation that whatever the appropriate qualified immunity standard, "some discovery" would be required before a summary judgment motion could be granted. The Court wrote, "One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government." *Id.* "Thus, on remand, it should first be determined whether the actions the Creightons allege Anderson to have taken are actions that a reasonable officer could have believed lawful. <u>If they are, then Anderson is entitled to dismissal prior to discovery.</u>" *Id.*

There is no question that this Court is within its discretion to immediately dismiss the instant lawsuit at the pleading stage on the ground of qualified immunity because despite Plaintiffs' conclusory and non-specific claims of "fraud" and "witness tampering," Plaintiffs utterly failed to put forward any "specific, nonconclusory factual allegations" that establish an

-2-
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

1  improper motive on the part of any Defendant that caused them to suffer a cognizable injury.[1]
2  See *Cullinan v. Abramson*, 128 F.3d 301, 312 (6th Cir.1997), [plaintiff submitted a 33-page
3  complaint, a 14-page affidavit, and 13 exhibits in support of his allegations for RICO violation;
4  Court held that qualified immunity barred the RICO claims against city officials.] *Id.*

5        This Court is also well within its discretion to immediately determine that, assuming the
6  truth of the Plaintiffs' allegations, Defendants' conduct did <u>not</u> violate any clearly established
7  law. In the event this Court nevertheless allows Plaintiffs to attempt to cure these defects via
8  further amendment however, it must demand that Plaintiffs meet the *Crawford-El* standard and
9  "put forward specific, nonconclusory factual allegations" that establish improper motive on the
10 part of each Defendant causing cognizable injury in order to survive Defendants' motion for
11 dismissal.

12 Dated: January 28, 2008                    GORDON & REES LLP

14                                            By: _____
                                                  MICHAEL D. BRUNO
15                                            Attorneys for Defendants
                                              JUDY JOHNSON, ROBERT HAWLEY, STARR
16                                            BABCOCK, PEGGY VAN HORN and ELYSE COTANT

---

[1] Given that Plaintiffs were themselves the primary witnesses to the supposed illegal activity and have obtained extensive discovery in their state action for "whistleblower retaliation," (filed well over a year ago), which alleges substantially the same facts and harm as the instant suit, Plaintiffs have absolutely no excuse for failing to put forth such specific allegations in opposition to the instant motion.