Edith J. Benay, S.B.N. 98747
Law Office of Edith J. Benay
345 Franklin Street
San Francisco, CA 94102
Telephone:   (415) 241-7286
Facsimile:   (415) 252-8048

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH CHOW and SCOTT WILLIAMS      Plaintiffs  v.  JUDY JOHNSON, ROBERT HAWLEY, ELYSE COTANT, STARR BABCOCK and PEGGY VAN HORN      Defendants | Case No. C 07 4478 CW  **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE (FRCP 12(b)(6), 12(f))** |

PLAINTIFFS SUPPLEMENTAL MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS MOTION TO DISMISS

**INTRODUCTION**

As requested by this Court, the standards set forth below are the standards for pleading with sufficient particularity to enable this Court to determine, on a motion to dismiss, whether Defendants are entitled to qualified immunity. Plaintiffs believe that if they are permitted to allege facts disclosed through discovery in their state court action for violations of Labor Code §1102.5, they will be able to amend their First Amended Complaint to plead with the requisite specificity, a pattern of racketeering activity composed of several interrelated predicate acts of violations of the federal mail and wire fraud statutes and several predicate acts of violations of the federal witness tampering statute. Toward that end this Court's Minute Order of January 24, 2008 states that Plaintiffs may show their amended complaint to defense and if defense does not want it filed in the public record, pursuant to protective order, then counsel can file a motion to file under seal. (Docket, Document 33).

**IN ORDER TO DECIDE A MOTION TO DISMISS FOR QUALIFIED IMMUNITY THIS COURT HAS DISCRETION TO REQUIRE SPECIFIC NON CONCLUSORY FACTUAL ALLEGATIONS ESTABLISHING IMPROPER MOTIVE**

In *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) the United States Supreme Court said that when a plaintiff's claim against a public official requires proof of wrongful motive, the district court may choose to grant the Defendant's motion for a more definite statement under Rule 12(e) before ruling on the Defendant's qualified immunity. "Thus the court may insist that the plaintiff 'put forward specific, non conclusory factual allegations' that establish improper

PLAINTIFFS SUPPLEMENTAL MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS MOTION TO DISMISS
1

motive, causing cognizable injury in order to survive a pre-discovery motion for dismissal....' " *id.* at p.1596-1597.

In this case, the improper motive causing cognizable injury is "knowingly" using intimidation, threat, or corrupt persuasion of another person, or attempting to do so, or engaging in misleading conduct toward another person with intent to "hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense ...." 18 U.S.C. 1512(b)(3).

The improper motive may also be to intentionally harass a person and thereby hinder, delay, prevent or dissuade another person from "reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense ...." 18 U.S.C. 1512(d)(2).

However, establishing an improper motive under 18 U.S.C. 1512 (b)(3) and (d)(2) does not require proof of Defendants' state of mind with respect to the circumstance "that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an advisor or consultant." 18 U.S.C. 1512(g)(2). Therefore, Plaintiffs' allegations need not include specific facts pertaining to that state of mind.

Nor is are the pleadings required to assert only direct evidence of illicit motive. *Crawford-El v. Britton,* 93 F.3d 813, 818-819 (D.C. Cir. 1996) *en banc, vacated on other grounds,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed. 759 (1998).

The federal nexus required for violation of 18 U.S.C. 1512(b)(3) is established by proof

PLAINTIFFS SUPPLEMENTAL MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS MOTION TO DISMISS

2

of the "...federal nature of the offense to which the information in question pertained.*" U.S. v. Harris,* 498 F.3d 278, 290 FN 10 (4th Cir. 2007).

## **CONCLUSION**

With leave to allege facts disclosed during discovery in the state court whistle blowing action, filed under seal if Defendants so desire, Plaintiffs are prepared to allege more specific facts than alleged in their First Amended Complaint, regarding the federal mail and wire fraud which Defendants sought to conceal and regarding the witnesses tampering which caused Plaintiffs' injuries.

Dated: January 30, 2008

/s/

Edith J. Benay, Attorney for
Plaintiffs JUDITH CHOW
and SCOTT WILLIAMS

PLAINTIFFS SUPPLEMENTAL MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS MOTION TO DISMISS

3