MICHAEL D. BRUNO (SBN: 166805)
STEPHANIE B. BRADSHAW (SBN: 170757)
ALYSON CABRERA (SBN: 222717)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

LAWRENCE C. YEE (SBN: 84208)
HEATHER A. IRWIN (SBN: 203203)
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco CA 94105-1639
Telephone: (415) 538-2000
Facsimile: (415) 538-2321

Attorneys for Defendants
JUDY JOHNSON, ROBERT HAWLEY,
STARR BABCOCK, PEGGY VAN HORN and ELYSE COTANT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| JUDITH CHOW AND SCOTT WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDY JOHNSON, ROBERT HAWLEY,<br>ELYSE COTANT, STARR BABCOCK and<br>PEGGY VAN HORN,<br><br>Defendants. | CASE NO. C 07 4478 CW<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' VOLUNTARY REQUEST FOR DISMISSAL AND REQUEST FOR ENTRY OF DISMISSAL WITH PREJUDICE** |

SBCA/1039105/5449088v.1

- 1 -

Motion to Strike Plaintiffs' Voluntary Request for Dismissal and Request for Entry of Dismissal with Prejudice
Case No. C 07 4478 CW

### I. THIS COURT'S ORDER REQUIRED PLAINTIFFS TO FILE AN AMENDED COMPLAINT BY A DATE CERTAIN OR FACE DISMISSAL WITH PREJUDICE

On February 5, 2008, this Court dismissed the First Amended Complaint of Plaintiffs Judith Chow and Scott Williams ("Plaintiffs") for supposed violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") with leave to amend as to one alleged predicate act.

Specifically, this Court Ordered that: "Plaintiffs may file a second amended complaint if, consistent with the constraints of Rule 11, they can allege a RICO claim based on a pattern of two or more specific instances of actionable witness tampering within ten years." (Order at 15:15-19.) This Court further Ordered that, "Any such complaint shall be filed **within twenty-one days** of the date of this order." (*Id.* at 15:25-16:2.) The Court stated unequivocally that, "If Plaintiffs do not file an amended complaint, the case will be dismissed **with prejudice**." (*Id.* at 16:13-14.)

### II. PLAINTIFFS' DISMISSAL WITHOUT PREJUDICE MUST BE STRICKEN AS AN IMPROPER ATTEMPT TO CIRCUMVENT THIS COURT'S ORDER AND DISMISSAL WITH PREJUDICE MUST BE ENTERED

On February 26, 2008, twenty-one days from the date of this Court's Order, Plaintiffs filed a pleading entitled "Voluntary Dismissal Without Prejudice." This pleading must be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure which provides that, "Upon motion made by a party before responding to a pleading...the court may order stricken from any pleading any...redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).

In the first instance, Plaintiffs' Voluntary Dismissal Without Prejudice is inoperative. Indeed, the Court *already dismissed* all of Plaintiffs' claims in its Order, and accordingly, there was nothing remaining for Plaintiffs to "dismiss." As a procedural matter, Plaintiffs' Voluntary Dismissal Without Prejudice cannot possibly operate to dismiss claims that have already been dismissed by this Court.

More importantly however, Plaintiffs' Voluntary Dismissal Without Prejudice should be stricken because it is in direct contravention of, and a clear attempt to circumvent, the strict time

limitation set forth in this Court's Order for the filing of a second amended complaint alleging violation of RICO. Plaintiffs filing is nothing more than an attempt to unilaterally grant themselves an indefinite extension of time in which to file a second amended complaint. This Court's Order quite specifically denied them such a luxury; the Order provides that failing to file an amended complaint would result in a dismissal **with prejudice**. The Court gave Plaintiff only one option to proceed in this lawsuit. Plaintiffs failed to avail themselves of that one option and the complaint should be dismissed **with prejudice** as previously ordered.

Given Plaintiffs' failure to file a second amended complaint as ordered, it is clear that they are not able to file such a complaint "consistent with the constraints of Rule 11." Rather than dismiss their case with prejudice however, or allow it to be dismissed with prejudice in good faith, Plaintiffs have made this last-ditch effort to retain perceived settlement leverage for use in their prior-filed state action by leaving the threat of these serious, quasi-criminal RICO claims alive. Such bad faith conduct is not permissible and is in direct contravention of this Court's Order.[1]

Under the circumstances, Defendants are entitled to entry of dismissal of this action **with prejudice**.

Dated: February 27, 2008                    GORDON & REES LLP


By: /s/ Alyson Cabrera
    ALYSON CABRERA
    Attorneys for Defendants
    JUDY JOHNSON, ROBERT HAWLEY, STARR BABCOCK, PEGGY VAN HORN and ELYSE COTANT

---

[1] In light of Plaintiffs' filing of both their legally frivolous RICO action and their instant Voluntary Dismissal Without Prejudice for an improper purpose, Defendants reserve the right to pursue sanctions against Plaintiffs and their attorney pursuant to Federal Rule of Civil Procedure 11(b).