Edith J. Benay, S.B.N. 98747
Law Office of Edith J. Benay
345 Franklin Street
San Francisco, CA 94102
Telephone:   (415) 241-7286
Facsimile:    (415) 252-8048

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH CHOW and SCOTT WILLIAMS <br><br> Plaintiffs <br> v. <br><br> JUDY JOHNSON, ROBERT HAWLEY, ELYSE COTANT, STARR BABCOCK and PEGGY VAN HORN <br><br> Defendants | Case No. C 07 4478 CW <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NOTICE OF DISMISSAL WITHOUT PREJUDICE** |

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE NOTICE
OF DISMISSAL WITHOUT PREJUDICE

**1. Rule 41(a)(1)(A)(I) GIVES PLAINTIFFS THE ABSOLUTE RIGHT TO DISMISS THIS ACTION VOLUNTARILY AND WITHOUT PREJUDICE**

Plaintiffs have the absolute right to dismiss this action voluntarily and without prejudice, pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(I) as long as Defendants have not filed an Answer or have not noticed and served a motion for summary judgment.

Fed. R. Civ. Pro. 41 (a) Reads in relevant part:
**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1©), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

**(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

**2. When A Rule 41(a)(1) Notice Of Dismissal Without Prejudice Has Been Filed The District Court No Longer Has Jurisdiction To Rule On The Merits Of The Case**

In *American Soccer Co. V. Score First Enterprise,* 187 F.3d 1108 (9th Cir. 1999), the Ninth Circuit Court of Appeals reversed the district court's attempt to vacate the plaintiff's voluntary dismissal without prejudice, saying,

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE NOTICE
OF DISMISSAL WITHOUT PREJUDICE
                                        1

> The rule confers on the plaintiff an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his action so long as the plaintiff *files* a notice of dismissal prior to the defendant's *service* of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.... The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.... Such a dismissal leaves the parties as though no action had been brought. *Id*. at p. 1110 (emphasis in original)

The Ninth Circuit went on to explain that the first voluntary dismissal under Rule 41 leaves the district court without jurisdiction to rule on the merits of the case. *Id*. at p. 1112.

> This "absolute right" for a plaintiff voluntarily to dismiss an action when the defendant "has not yet served an answer or a summary judgment motion leaves no role for the court to play. The language of rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." ... "Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing." *Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir.1993) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963)). *Id.* at p.1110

Nor can a Rule 41 dismissal without prejudice be mis-construed as "forum shopping."

> "... because Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion, such a dismissal is not regarded as forum-shopping." *Swedborg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

**3. Plaintiffs' RICO Allegations Are Not Frivolous But They Have The Right To Postpone Proceedings In Federal Court**

In addition to ignoring the plain language and effect of a Rule 41(a)(1) dismissal without

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE NOTICE
OF DISMISSAL WITHOUT PREJUDICE

2

prejudice, Defendants fill their motion to strike with false and unsupportable diatribe against Plaintiffs and their attorney. Defendants insist that Plaintiffs are using this RICO action as settlement leverage for their state court Whistle Blower action but as is obvious, such purported leverage is not necessary. Plaintiffs' Whistle Blower action is strong enough that Defendants were unable to find a basis on which to move for summary judgment and the case goes forward to trial on April 14, 2008. Fed. R. Civ. Pro. 41(a)(1) gives Plaintiffs the absolute right to postpone pursuit of their RICO action while in trial on their state court action.

**4. Conclusion**

Plaintiffs' notice of dismissal without prejudice is completely within the rules of Federal Civil Procedure. Defendants have no basis for insisting that this Court convert Plaintiffs' dismissal to dismissal with prejudice. In light of the fact that this case was dismissed the day before Defendants filed their motion it is not clear that this Court has jurisdiction to rule on their motion, even to the extent of denying it. Therefore, Plaintiffs respectfully request that no action be taken with respect to Defendants' motion to strike or, in the alternative, that it be denied.

February 27, 2008

/s/ Edith J. Benay
Edith J. Benay attorney for Plaintiffs
JUDITH CHOW and SCOTT WILLIAMS

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE NOTICE
OF DISMISSAL WITHOUT PREJUDICE

3